## J. B. SPARKS V. THE STATE.

No. 11149. Delivered December 21, 1927.

**1.—Receiving and Concealing Stolen Property—Elements of Offense—Rule Stated.**

Where appellant was on trial for receiving and concealing stolen property, he could not legally be convicted if he and his co-defendant jointly stole the property, nor could he be guilty of receiving same after the theft from his co-defendant, who was a party to the theft. Nor could he be guilty of both the theft and receiving and concealing it after the theft. If he stole the property, or had lawful possession of it, he could not receive it from himself. See Harper v. State, 227 S. W. 190; Bloch v. State, 193 S. W. 307, and Kaufman v. State, 159 S. W. 58.

**2.—Same—Charge of Court—On Grade of Offense—Should Be Given.**

Where the issue is raised of the total value of the property in all theft, and kindred cases where the punishment depends upon the value, the jury should be instructed that if they have a reasonable doubt of the grade of the offense, whether a felony or misdemeanor, such doubt should be resolved in favor of the accused, and if convicted it should be of a misdemeanor.

**3.—Same—Misconduct of Jury—Receiving Other Evidence—Reversible Error.**

Where in their retirement, and before reaching a verdict, it was shown that some juror in the presence of the others stated that appellant was a tough character and had been guilty of ruining young men, and his failure to testify on the trial was commented upon, this misconduct of the jury requires the reversal of the case.

**4.—Same—Continued.**

Where evidence is received by the jury after its retirement, which is calculated to bring about a conviction, this court will not speculate on its injury to appellant. Reception of such evidence requires this court to award a new trial. See Art. 753, Subd. 7, Vernon's C. C. P., and authorities there cited.

Appeal from the District Court of Hale County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*R. H. Beville* of Clarendon, for appellant. On misconduct of jury appellant cites: Hughes v. State, 44 Tex. Crim. Rep. 296; Hughes v. State, 43 Tex. Crim. Rep. 67; Tully v. State, 126 S. W. 1158; Homes v. State, 42 S. W. 996; Branch's P. C., Vol. 1, p. 292, Sec. 569; also pp. 289-90, same volume.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense, receiving and concealing stolen property of the value of more than $50; penalty two years in the penitentiary.

Appellant, J. B. Sparks, and Albert Wasson were jointly indicted in two counts, the first being for the theft of certain personal property consisting of various articles of merchandise alleged to belong to one Pete Gabbert, and the second count charging the reception of this same property from some person to the grand jurors unknown, knowing the same to have been stolen. He was convicted under the second count.

December 27, 1926, and prior thereto, witness, Pete Gabbert, was in the drug business in the town of Lelia Lake, and appellant, J. B. Sparks, referred to by witnesses as Dr. Sparks, had an office in Gabbert's drug store until a few days before the drug store burned, which appears to have been on December 27, 1926. It seems that Dr. Sparks owned part of the stock in said drug store and until the time he moved out had a key

to same and practically had charge of the business.   In Jan-
uary, 1927, appellant's premises were searched and various
articles of merchandise alleged to have come from the stock
owned by witness Gabbert were found in his possession.

. The sufficiency of the evidence is vigorously assailed.   Witness
Gabbert appeared either unable or unwilling to identify the
goods found in possession of appellant.   The difficulty the state
had in making out its case is illustrated by the following quo-
tation from Gabbert's testimony:

"I don't know whether any of this stuff was taken out of
my stock of merchandise.   I don't know that this is the same
stuff that came out of my stock of goods.   All that I can iden-
tify would be what my name is on and that could have been
shipped to the store by authority of Dr. Sparks or his daughter,
who had authority to buy and sell in my store.   Sometimes part
of the goods would be his, some of it his, some of it mine.   In
fact, he owned the stock of drugs and if he used the stuff I had,
he always paid me.   I suppose Dr. Sparks owned a lot of stuff
here that I could not identify.   At the time he moved a truck
load of stuff away from my store a few days before Christmas,
he moved some stuff similar to this.   He had a little of nearly
everything.   Dr. Sparks really had charge of the store."

The clearest incriminating fact against appellant we have
found in the record arises from the testimony of Troy Rackley.
This witness left in the store the afternoon before it was burned
that night a handbag which had in it three pairs of trousers,
a pair of slippers, part of a toilet set and some shirts.   The
handbag and part of these articles were subsequently found in
possession of appellant and positively identified by the wit-
ness.   However, they were not named in the indictment.   In
view of the disposition we make of this case we will not pass
on the sufficiency of the evidence.

There are forty-seven bills of exception found in the record.
Some of these manifest error.   Other errors appear in the record
which were not made the subject of exception in the trial court.
We deem it best to discuss generally and briefly certain law
questions arising from this record without a tedious discussion
of all of appellant's bills.

If appellant and his co-defendant jointly stole this property,
neither could be guilty of receiving it from the other.   Harper
v. State, 227 S. W. 190.   See also Bloch v. State, 193 S. W. 307.
Kaufman v. State, 159 S. W. 58.   Nor could the appellant be
guilty of both offenses.   If he stole the property he could not

receive it from himself, as appears to be indicated by the court's charge.

The jury should be instructed that if the evidence-leaves a reasonable doubt of the grade of the offense, that is, whether a felony or a misdemeanor, such doubt, if any, should be resolved in favor of the appellant and if convicted in such event it should be of a misdemeanor. Bussell v. State, 98 Tex. Crim. Rep. 170; Richardson v. State, 91 Tex. Crim. Rep. 325.

We will observe further that if these goods were taken while appellant actually had care, management and control of the store or if he were the joint owner of same, he could not be guilty under either count of the indictment. He might under such circumstances be guilty of another and different offense.

Again, if the elements of burglary can be proved, as would seem to be indicated by the testimony of Rackley and Bynum, the state could in such a prosecution avoid many of the legal and fact obstacles present in the record of this case.

Bill of exception No. 45 shows in substance that after the jury had retired and while they were deliberating upon the case, and while the jury stood nine for conviction and three for acquittal some of the jurors referred to the appellant being a tough character and that he had ruined several young men around Newlin, also that the appellant's failure to testify was mentioned, one of the jurors stating that he would have been better satisfied if the appellant had testified. The purported fact of appellant ruining several young men around Newlin and being a tough character appears to have been mentioned several times in the jury room. The jury thereafter agreed upon the guilt of appellant, some of them testifying they did so reluctantly. Three of the jurors testified to substantially these facts on motion for a new trial, nine not testifying.

Where evidence is received by the jury after its retirement which is calculated to bring about a conviction, this court will not speculate on its injury to appellant. Reception of such evidence requires this court under the statute and its uniform holdings to award a new trial. Brown v. State, 101 Tex. Crim. Rep. 639; Howell v. State, 94 Tex. Crim. Rep. 563; Art. 753, Subd. 7, Vernon's C. C. P., and authorities there cited.

That appellant was a tough character and had been guilty of ruining young men was certainly under the issues of the case not admissible against him from the witness stand, where he might have had the privilege of cross-examining the witnesses and offering rebuttal testimony. It would have a more harmful effect, we think, where given to the jury secretly in his

absence by ex parte, unsworn statements without any oppor-
tunity of rebuttal or cross-examination. This bill shows such
error as demands a reversal.

We forego discussion of other errors alleged, as they are of
such character as will probably not occur on another trial.

The judgment is reversed and the cause remanded.

                                    *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and
approved by the Court.