## ED SMITH v. THE STATE.

No. 11498.   Delivered October 31, 1928.
Rehearing denied State June 26, 1929.

The opinion states the case.

*Coke R. Stevenson* of Junction, *Max Blum, H. H. Sagebiel* of Fredericksburg and *Morriss & Morriss* of San Antonio for appellant.

*Carl Runge,* County Attorney, *Black & Graves, Robert M. Turpin* and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, knowingly receiving stolen property; penalty, three years in the penitentiary.

The indictment was in two counts, the first charging appellant with the theft of two head of cattle belonging to R. W. White and the second count charging him with receiving from some person or persons to the grand jurors unknown, the two head of cattle, knowing same to have been stolen. He was convicted under the second count.

It is vigorously insisted that the evidence wholly fails to identify the cattle in question as the property of R. W. White. This is the only question necessary to be noticed.

The substance of the testimony for the State is as follows:

Appellant and White owned adjoining ranches, separated from each other by the Llano River. That of White consisted of some thirty to thirty-five thousand acres, upon which there ranged during the few months preceding the date of the alleged offense slightly over twenty-six hundred head of cattle, mostly steers. The ranch of appellant was smaller and there was on it during this period some four or five hundred head of cattle. It was shown by the State's witnesses that the fence between the two ranches was frequently down and the gates open, and that the cattle could go, and did frequently go, from one ranch to the other. Two steers shown to belong to White were seen within the pasture of appellant on Friday prior to the date of the alleged offense on Monday, which was reported to White, who sent two of his employees to look after same. In searching for these cattle, they came upon appellant and another butchering four head of cattle. Appellant's companion waved the two away and appellant himself shot at them. They retired, procured officers, and returned to the scene, but found appellant and his companion gone. There were at the time the entrails of four head of cattle on the ground, a quarter of a beef and the heads of three animals in a fire partially burned up. Some of these heads were shown to be from dehorned grown steers. No hair, hide or any mark of identification of the animals was found at any place. Later some burned meat and charred bones were found in ashes at two different places on appellant's premises. It was further shown that something over 2600 head of cattle belonging to White were dipped in the fall preceding the date of this offense and that these cattle checked up seventy short in the spring. No testimony was offered to show what efforts were made to locate these seventy—further than that three pastures were ridden, in

which was found some of the White cattle. It was further shown that the practice of dehorning cattle was common in that country, but some of the witnesses testified that they knew of no dehorned grown steers other than White's, but on cross-examination admitted that there might be others and that appellant himself might have had dehorned grown steers. This is the State's case.

In this case it devolved upon the prosecution to identify the animals in question beyond a reasonable doubt. Doss v. State, 28 Tex. Crim. Rep. 506. Harris v. State, 13 Tex. Crim. App. 309. The proof should certainly have shown that the alleged stolen animals were the property of some person other than appellant. Benton v. State, 21 Tex. Crim. App. 564. The mere fact that the property is of the same kind in the absence of other circumstances is, generally speaking, not sufficient to establish identity. Marina v. State, 93 Tex. Crim. Rep. 122. The State's case was one of circumstantial evidence and the law requires that the evidence must exclude every reasonable hypothesis except that of the guilt of the accused. Under this rule the evidence must exclude the hypothesis that the animals in question belonged to appellant, as well also as that they belonged to some person other than White. As bearing generally upon the question of sufficiency of evidence of identity, see Dowdell v. State, 85 Tex. Crim. Rep. 472; Littlejohn v. State, 13 S. W. 889; Smith v. State, 44 Tex. Crim. Rep. 81; Horn v. State, 30 Tex. Crim. Rep. 541. In the Smith case, supra, the Court held that the fact that the animal killed was of the same kind and color as that of prosecutor was insufficient. We do not regard the proof that two steers belonging to White were seen on the premises of appellant as of any particular cogency. It is not shown that appellant knew of their presence or ever reduced them to his actual possession and it was shown affirmatively by the State's witnesses that the straying of cattle from one to the other of these pastures was a common occurrence. The State then is reduced to reliance upon the fact that the charred heads of grown dehorned steers were found on appellant's premises and that White had grown dehorned steers missing as sufficient proof of identity.

Appellant could not be guilty of knowingly receiving stolen property from himself. If he stole the animals, acting either alone or jointly with another, he is guilty of another and different offense. Sparks v. State, 300 S. W. 938, and authorities there cited. He cannot be guilty of receiving stolen property from himself, or from himself and his co-actor, if any, in the offense. Sparks v. State, supra. In order to sustain this conviction, we would have to sup-

pose without any evidence of the fact, first, that some person other than appellant and without his guilty participation stole the animals in question, and, second, we would have to suppose that such animals were the property of R. W. White. Certainly we cannot be expected to substitute supposition for evidence. There are many suspicious circumstances in the record, but we cannot declare that what in reality amounts only to suspicion is in truth sufficient evidence of guilt, for it is one of the indispensable elements of circumstantial evidence that it must do more than "coincide with, account for and therefore render probable the guilt of the defendant; it must exclude every other reasonable hypothesis except the defendant's guilt" The State's evidence is sufficient, perhaps, to account for and render probable the guilt of the defendant of some offense but that it does not exclude every other reasonable hypothesis except the defendant's guilt of this particular offense is, we think, made plain by the evidence recited above.

Because we believe that the evidence is insufficient to support a conviction, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully considered the facts in this case in the light of the able motion for rehearing filed by the State, but are still not satisfied with the sufficience of the testimony to warrant the conviction. It is possible that upon another trial the State may strengthen its case. Other ranchmen whose cattle ran in that neighborhood were shown to be possessors of dehorned cattle. There was no such description of the heads of the cattle seen by the witnesses in the vicinity on the days prior to the slaughtering as to make them identical with the description of the heads in the fire, and to show beyond reasonable doubt that these cattle belonged to Mr. White. It may be possible that the State can not better make out its case, and it may be possible that because of inability to make such proof the parties apparently guilty of some offense may not be punished, but we believe it imperative to adhere to the established rules of law.

The motion for rehearing by the State will be overruled.

*Overruled.*