JIM WRIGHT v. THE STATE.

No. 13195.    Delivered April 2, 1930.
Reported in 26 S. W. (2d) 654.

The opinion states the case.

*Coke R. Stevenson* of Junction, *Max Blum* and *H. H. Sagebiel,* both of Fredericksburg, and *Morriss & Morriss* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is theft of cattle; the punishment confinement in the penitentiary for three years.

The indictment contained two counts, one of which charged appellant with the theft of two head of cattle belonging to R. W. White, and the other with receiving from some person or persons to the grand jurors unknown the two head of cattle, knowing same to have been stolen. Only the count charging theft was submitted to the jury.

In the companion case of Smith v. State, 18 S. W. (2d) 1068, the indictment contained a count charging theft of two head of cattle belonging to R. W. White, and a second count charging Smith with receiving from some person or persons to the grand jurors unknown the two head of cattle, knowing same to have been stolen. Smith was convicted of receiving stolen cattle. Upon appeal it was held that the evidence was insufficient to identify the cattle in question as the property of R. W. White.

The indictment here and in Smith's case grew out of the same transaction, the proof on the part of the state showing that appellant and Smith were caught butchering some cattle which the state undertook to show belonged to R. W. White. In seeking to identify the animals alleged to have been stolen, the state relied wholly upon circumstantial evidence. Practically all of the witnesses testifying for the state in Smith v. State, supra, were used in the instant case. They gave substantially the same testimony in the present case as is disclosed by the record in Smith's case. Hence we deem it unnecessary to do more than refer to Smith's case for a discussion of the question of the sufficiency of the evidence.

In the present case a circumstance not shown in Smith's case was testified to by state's witness Thurber. This witness testified that more than two months prior to the time that appellant and Smith were found butchering cattle he saw appellant and Smith in possession of a motley-faced steer which they were driving with some other cattle. The witness said that he did not know to whom the cattle belonged. A second circumstance, which was not developed in Smith's case, was testified to by R. W. White, the alleged owner of the butchered cattle. He testified that in rounding up approx-

imately 2,600 steers in the spring of 1927 he found that he lacked about seventy head of having the number that he had turned loose in his pasture the year before. He further testified that he sent his hands into practically all of the adjoining pastures at the time his cattle were rounded up. These pastures were rough and brushy. White's pasture contained 30,000 acres and one of the pastures in which some of his cattle were found contained 50,000 acres. There is nothing in the record to show how many of White's cattle had died. It would have been practically impossible to show that some of the missing cattle were not then ranging in the large adjoining pastures. It is obvious, we think, that the additional circumstances referred to afford no basis from which the inference can be properly drawn that the animals appellant and Smith butchered on the occasion in question belonged to R. W. White.

The facts here being practically identical with those developed in Smith v. State, supra, we are constrained to hold the evidence insufficient to support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*