GARFIELD POLLARD V. STATE.

No. 25213. March 7, 1951.

D. F. Sanders and J. A. Veillon, Beaumont, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to murder with malice, and the jury rejected his plea for

suspension of sentence and assessed his punishment at two years' confinement in the penitentiary.

Appellant stabbed Helen Johnson, the woman with whom he had lived for some two years, twenty times with an ice pick. Her left lung and liver were punctured and other stab wounds were inflicted in the upper part of her chest, abdomen, back and arm.

Appellant, testifying in his own behalf, denied that he had threatened to kill Helen Johnson, as she testified, or that he intended to do so. He said that they had both been drinking; that Helen was threatening him with the law; that he picked up the ice pick and slapped her, then "blacked out."

He further testified that they had been getting along all right and had had no trouble. He was unable to further explain why he stabbed her.

In his charge to the jury, the court submitted assault with intent to murder with and without malice, and aggravated assault.

Appellant excepted to the charge submitting assault with intent to murder without malice upon the ground that the burden of proof was placed on the defendant to prove that the assault was committed without malice, and further because the court failed to instruct the jury that if they found the defendant guilty of assault with intent to murder but had a reasonable doubt as to whether it was committed with malice they should give the defendant the benefit of the doubt, and find him guilty of assault with intent to murder without malice.

Following the application of the law of assault with intent to murder with malice, the trial court applied the law of assault with intent to murder without malice to the facts as follows:

"But, if from the evidence you believe beyond a reasonable doubt that the defendant, Garfield Pollard, on or about the 25 day of July, 1950, in the County of Jefferson and State of Texas, without malice, as that term has hereinbefore been defined to you, did assault the said Helen Johnson with intent then and there to kill the said Helen Johnson, you will find the defendant guilty of an assault with intent to murder, and say so by your verdict and assess his punishment at confinement in the penitentiary for a term of not less than one nor more than three years, as you may determine and state in your verdict."

Nowhere in the charge was the jury told that appellant should be given the benefit of any reasonable doubt as to the existence of malice.

The omission was called to the court's attention in a timely manner, and the court erred in failing to amend his charge in this regard. See Richardson v. State, 91 Tex. Cr. R. 318, 239 S.W. 218; Sparks v. State, 108 Tex. Cr. R. 367, 300 S.W. 938.

The judgment is reversed and the cause remanded.

Opinion approved by the court.