**Alan Lee ARMENTROUT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49038.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

**298**

Timothy Ann Sloan, Odessa, for appellant.

John H. Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder with malice, wherein the punishment was assessed by the jury at seventeen and one-half (17½) years' confinement.

■ Among his grounds of error appellant complains that the trial court in its charge at the penalty stage of the trial misdirected the jury, placing the burden of proof on him, and failed to give him the benefit of any reasonable doubt as to the existence of malice.

The alleged offense occurred on September 23, 1972, and appellant's trial commenced on January 8, 1974.

At the conclusion of the guilt stage of the bifurcated trial the court charged the jury on the issue of murder, self-defense, etc., without requiring the jury to determine the issue of malice. In doing so the trial court apparently was following the Foster-Brazile line of cases.[1]

At the penalty stage of the trial the court abstractly defined malice aforethought and murder without malice and in-

1. In Brazile v. State, 497 S.W.2d 302 (Tex. Cr.App.1973), the court cited Foster v. State, 493 S.W.2d 812 (Tex.Cr.App.1973, with approval and said:

"All voluntary killings are murder, and the presence or absence of malice relates only to the punishment. Thus, it would appear proper to submit the issue of malice only during the punishment stage." See also Article 37.07, Vernon's Ann.C.C.P.; Marrero v. State, 500 S.W.2d 818, 820 (Tex. Cr.App.1973) ; Monroe v. State, 501 S.W. 2d 639, 643 (Tex.Cr.App.1973).

structed the jury as to the appropriate penalties. The court then charged the jury:

> "If you believe from the evidence, beyond a reasonable doubt, that the Defendant, Alan Lee Armentrout, murdered Tommy Dilley with malice, you will so find by writing in the word 'with' on the verdict form."

> "If you believe from the evidence, beyond a reasonable doubt, that the Defendant, Alan Lee Armentrout, murdered Tommy Dilley without malice you will so find by writing in the word 'without' on the verdict form."

This charge, at the punishment stage, did not instruct the jury on the burden of proof as to the issue of malice. The appellant timely objected that the charge placed the burden upon him to show beyond a reasonable doubt he acted without malice aforethought and was sufficient to call the court's attention to the fact that the charge was deficient in not giving the appellant the benefit of any reasonable doubt as to the existence of malice.

In Henry v. State, 164 Tex.Cr.R. 433, 300 S.W.2d 79 (1957), the court on rehearing wrote:

> "Upon another trial, the court should charge upon the law of murder without malice and make application of the law to the facts and should instruct the jury that in passing upon the issue of murder with malice and murder without malice the jury should give the appellant the benefit of any reasonable doubt as to the existence of malice. See Richardson v. State, 91 Tex.Cr.R. 318, 239 S.W. 218, 20 A.L.R. 1249; Sparks v. State, 108 Tex. Cr.R. 367, 300 S.W. 938; and Pollard v. State, 155 Tex.Cr.R. 486, 237 S.W.2d 301."

It is true that *Henry* was decided when unitary trials were employed and prior to the bifurcated trial procedure prescribed by Article 37.07, Vernon's Ann.C.C.P., but that fact and the fact that the issue of malice is submitted at the penalty stage of

the trial does not call for a different result.

We conclude that the court erred in failing to respond to appellant's timely presented written objection.

The State argues that if error, it is not reversible error since the issue of murder without malice was not raised by the evidence. We do not agree.

■ It is, of course, well established that the trial court is under no obligation to charge on the law of murder without malice unless the evidence raises the issue. Lucky v. State, 495 S.W.2d 919, 921 (Tex. Cr.App.1973), and cases there cited; Jones v. State, 504 S.W.2d 906 (Tex.Cr.App. 1974); Simmons v. State, 504 S.W.2d 465 (Tex.Cr.App.1974); Clay v. State, 505 S.W. 2d 882 (Tex.Cr.App.1974).

■■ If, however, the issue of murder without malice is raised by the evidence, the trial court, without determining the weight or the truth or falsity of the testimony, is bound to submit the issue for determination of the jury, even in a doubtful case. Monroe v. State, 501 S.W.2d 639 (Tex.Cr.App.1973). And it should be borne in mind that the accused's own testimony can raise the issue of murder without malice in a given case. Lucky v. State, 495 S.W.2d 919 (Tex.Cr.App.1973).

In the instant case the trial court evidently concluded the evidence raised the issue, for the court submitted the same to the jury. We agree that the issue was raised.

■ Appellant testified that he had had some "words" with the deceased two and a half years prior to the killing, apparently over the fact that both were trying to date the same woman at that time. On the date in question the appellant related he had gone to see his sister, Laura, who had been dating the deceased, a married man, much to appellant's displeasure. He testified that he, his sister and her roommate, Sylvia Turner, had gone to the Sands Lounge,

**300**

where they had some drinks, and upon returning to his sister's apartment discovered the deceased was calling his sister. He related that his sister revealed the deceased told her he was going home, but she suspected he was going to see another woman and, if this was so, then her romance with him would be over. Appellant agreed to drive her and Sylvia Turner around to see if they could locate the deceased. They located the deceased and followed his car to the parking lot of the Inn of the Golden West, where he was observed talking to a woman. As the deceased left the lot he stopped his car near the appellant's vehicle, and, according to the appellant, the deceased walked up cursing and jerked open the driver's door of appellant's car. He then struck the appellant's arm with some object, causing it to bleed, and incited fear in the appellant. Appellant then stepped from the car and stabbed the deceased. He then helped his sister put the deceasd in his own car so she could drive the deceased to the hospital. It was further shown by testimony of Sylvia Turner that immediately after the killing appellant was very emotional and was crying.

In Elsmore v. State, 132 Tex.Cr.R. 261, 104 S.W.2d 493 (1937), this court wrote:

> " . . . It is obvious from the statutes herein referred to that when the testimony shows an excited and agitated mind at the time of the killing caused by an act of the deceased, the accused is entitled to have the matter of whether the killing was committed under the immediate influence of sudden passion arising from an adequate cause submitted to the jury for their determination under an appropriate instruction from the court. . . . " 104 S.W.2d at p. 495.

In McGee v. State, 473 S.W.2d 11, 14 (Tex.Cr.App.1971), this court observed that in most cases where there had been a reversal for failure to charge on murder without malice there was evidence of immediate acts of the deceased which enraged the mind of the accused. See Els-

more v. State, supra; Henry v. State, supra; Privett v. State, 123 Tex.Cr.R. 86, 57 S.W.2d 1102 (1933); Youngblood v. State, 121 Tex.Cr.R. 465, 50 S.W.2d 315 (1932). See also Lucky v. State, 495 S.W.2d 919, 921 (Tex.Cr.App.1973); Monroe v. State, 501 S.W.2d 639 (Tex.Cr.App.1973).

Thus, we cannot agree under the circumstances that the error was rendered harmless because the issue of murder without malice was not raised. The issue was indeed raised.

In light of our disposition of the case we need not consider appellant's further complaint that the court erred, despite his objection, in failing to apply the law to the facts as required by Article 1257c, Vernon's Ann.P.C.

■ In the event of another trial, if the same circumstances are presented, the hearsay statement of appellant's sister made to a police officer at the hospital after the deceased's death and in the absence of the appellant should not be admitted.

The judgment is reversed and the cause remanded.