**Juan GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52707.**

Court of Criminal Appeals of Texas.

Feb. 16, 1977.

Frederick J. Griffin, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty., Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for murder under V.T.C.A. Penal Code, Sec. 19.04 upon a plea of not guilty. The jury assessed punishment at fifty years.

The record reflects that appellant shot Cletus Cooper in his motel room during the early evening of August 4, 1974. Appellant's wife was present in the deceased's motel room at the time of the shooting and she was also shot, although not fatally wounded. Both appellant and his wife testified that they had been separated for a few weeks at the time of the shooting.

Appellant's wife, Diane Gonzales, testified that, unknown to appellant, she had been seeing the deceased for several months. She stated that on the afternoon of August 4, 1974, appellant had come by her house and found the deceased present. At that time appellant told the deceased that he did not want Cooper seeing his wife. At 6:30 p. m. Mrs. Gonzales went with Cooper to his room at the Stardust Motel. Mrs. Gonzales testified that she and Cooper were lying on the bed when appellant entered the darkened room and began shooting.

Appellant testified that prior to August 4, 1974, he had never met the deceased and that he did not argue with Cooper during their afternoon meeting. He further testi-

fied that while taking his three children to the movies later that day his five year old daughter, Stephanie, told him that the deceased and her mother had been making her sleep on the floor beside the bed in which they were sleeping and that Cooper had been mean to her and spanked her. Stephanie then directed appellant to Cooper's room at the motel.

Appellant testified that he went to the deceased's motel room to tell him to leave his family and children alone and that at that time he did not intend to shoot Cooper. He further testified that he did not expect his wife to be in Cooper's room because he had driven by her house on the way to the movies and her car was there and the front door was open. When appellant entered the room and saw his wife and the deceased on the bed, he pulled his gun and shot them both.

In addition to murder, the trial court charged the jury on involuntary manslaughter and criminally negligent homicide. However, the trial court refused appellant's properly requested written charge on voluntary manslaughter. Appellant contends this was error and at oral argument in this cause the State agreed.

Voluntary manslaughter is defined in V.T.C.A. Penal Code, Section 19.04:

"(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

"(b) 'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

"(c) 'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection."

 In the case at bar there is evidence which shows that the appellant acted under the immediate influence of a sudden passion which arose when he found his wife and the deceased lying on a bed in the deceased's motel room. It is immaterial if the theory of voluntary manslaughter was raised by appellant's own testimony or if the case is doubtful. As was the rule in murder without malice cases under Article 1257c of the former Penal Code, once the issue is raised by the evidence, the trial court, without determining the weight or the truth or falsity of the testimony, is bound to submit the issue for determination by the jury. See *Armentrout v. State,* Tex.Cr.App., 515 S.W.2d 297.

We find that the issue of voluntary manslaughter was raised under the facts of this case. The trial court erred in denying appellant's timely presented request charge on voluntary manslaughter.

The judgment is reversed and the cause remanded.