Roel CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00077–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 28, 1985.

Roger Reed, Pope, Guerro & Reed, Rio Grande City, for appellant.

John A. Olson, Dist. Atty., Rio Grande City, Rudy Gutierrez, Dist. Atty's. Office, Hebronville, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a conviction in a jury trial for the offense of murder. TEX. PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974). The judge assessed punishment at fifty years' confinement in the Texas Department of Corrections.

The homicide occurred in Mari's Bar in Falcon Heights. An argument between the appellant Castillo and the deceased Larry Hinojosa escalated from insults and threats to blows. Ultimately, Castillo drew a pistol and after firing into the ceiling, shot Hinojosa twice.

The appellant testified that the deceased made a movement, and "I was scared he was going to pull a weapon out and kill me. I shot twice towards him." When asked if he was trying to hit the deceased when he shot, the appellant answered, "Not intentionally." The appellant's testimony contains three other instances where he maintains that the shots were not fired intentionally.

The jury was charged on the law of murder, voluntary manslaughter, and self-defense against a deadly attack. Appellant contends the trial court erroneously denied his request to instruct the jury on the lesser included offense of aggravated assault.

It *had* long been held in Texas that when a deadly weapon per se was used in a deadly manner and death resulted, there was no need to give a charge on aggravated assault even though the defendant testified that he did not intend to kill the deceased. *Womble v. State*, 618 S.W.2d 59, 65 (Tex.Crim.App.1981); *Simpkins v. State*, 590 S.W.2d 129, 134 (Tex.Crim.App. 1979); *Cain v. State*, 549 S.W.2d 707, 713 (Tex.Crim.App.1977), *cert. denied*, 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977).

This case was tried in September 1983, for an offense alleged to have occurred February 13, 1982. The trial judge obviously followed the rules of law as he understood them to be at the time the case was tried.

On September 28, 1983, the Texas Court of Criminal Appeals rendered the en banc decision in *Harrell v. State*, 659 S.W.2d 825 (Tex.Crim.App.1983). The court explained that the rule that intent to kill will be presumed where a deadly weapon is used was based upon article 45 of the 1925 Penal Code, which had been repealed by the current Penal Code, effective January 1, 1974. *Id.* at 827. No similar provision appears in the present Penal Code. The court stated:

> We hold the repeal of that statutory provision abolishes the rule derived therefrom, that when a deadly weapon per se is used in a deadly manner and death results, a charge on aggravated assault is not required even when the evidence otherwise raises the issue.

*Id.* at 826. The conviction in *Harrell* was affirmed because the court found that the appellant there testified that he shot the deceased intending to cause him serious bodily injury and this constituted an act clearly dangerous to human life under TEX.PENAL CODE ANN. § 19.02(a)(2). *Id.* at 827.

The testimony of the appellant in our present case was to the effect that he did not intentionally do any harm to the deceased. The evidence having raised the issue, under *Harrell*, a charge on aggravated assault would be required. For this reason the judgment must be reversed.

Since the issues raised in other grounds of error are not likely to reoccur on a subsequent trial, we will not discuss them here.

The judgment is reversed and the cause is remanded to the trial court for a new trial.