Geremy Lamar **SLEDGE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–92–01430–CR.

Court of Appeals of Texas, Dallas.

Aug. 13, 1993.

Discretionary Review Refused Nov. 17, 1993.

Gary A. Udashen, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before BAKER, MALONEY, and WHITTINGTON, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Geremy Lamar Sledge of murder. The trial court assessed a forty year sentence. In seven points of error, appellant contends the trial court erred in: not charging the jury on lesser included offenses, considering hearsay and unadjudicated offenses, and overruling objections to the presentence report. Because the trial court erred in not charging the jury on at least one of appellant's requested lesser included offenses, we reverse the trial court's judgment and remand this cause to the trial court.

### STATEMENT OF FACTS

The deceased and members of the Glynn Street Boys gang were sitting outside a house on Glynn Street. At least fifteen to twenty people were gathered around a car, talking and drinking beer. Appellant and Tony Sloan, a fellow member of the Gangster Stones gang, came out of a house across the street. The eyewitness accounts differ on

the sequence of events that culminated in the shooting of the deceased. But everyone agreed the shots came from the house across the street. Only one witness testified that she saw appellant shoot the deceased.

The police arrested appellant and Sloan for murder. Appellant gave a statement to the Garland Police, in which he admitted he shot into the crowd of people.

Appellant testified that he fired four shots at the car to scare the Glynn Street Boys. Appellant maintained he was not aiming at anybody. He just wanted to let the Glynn Street Boys know that he would shoot someone if they tried to hurt him.

After both sides closed testimony at trial, several people told appellant's counsel that Sloan, not appellant, fired the gun. On appellant's request, the trial court reopened the testimony. One member of the Glynn Street gang testified that he saw Sloan shoot the deceased. Appellant took the stand and recanted his earlier testimony and confession. He said that he had lied and Sloan had really done the shooting. Appellant claimed he covered up for Sloan because Sloan had more to live for than appellant; and Sloan was higher up in the gang.

### LESSER INCLUDED OFFENSES

■ In his first four points of error, appellant alleges the trial court erred in denying his requested jury instructions on voluntary manslaughter, involuntary manslaughter, criminally negligent homicide, and aggravated assault. Appellant argues that to determine whether the trial court should have charged on lesser included offenses, we must consider all of the evidence, including appellant's first testimony.

The State responds that we should only consider appellant's second testimony because appellant recanted his earlier testimony. It argues that, because appellant said he lied in his earlier testimony and in his confession, appellant's first testimony was perjured. The State contends that known perjured testimony cannot support a criminal conviction. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959);[1] *Willis v. State,* 785 S.W.2d 378, 383 (Tex.Crim.App. 1989), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990).[2]

### 1. Perjured Testimony

■ Only when (1) the State, (2) "knowingly use[s] false evidence, including false testimony," or "allows false testimony to go uncorrected," (3) "to obtain a tainted conviction" does the State violate due process. *Napue,* 360 U.S. at 269, 79 S.Ct. at 1177. The Supreme Court and the Texas Court of Criminal Appeals have determined that the knowledge requirement is satisfied if the prosecutor knew or should have known the evidence was false. *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *Ex Parte Adams,* 768 S.W.2d 281, 291 (Tex.Crim.App.1989). Texas courts impute fellow prosecutors' and the police's knowledge of false testimony to the trial prosecutor. *See id., citing Williams v. Griswald,* 743 F.2d 1533 (11th Cir.1984) *and United States v. Antone,* 603 F.2d 566 (5th Cir.1979).

■ The State had no reason to know that appellant would recant his testimony. Nor

---

1. In *Napue,* the State's witness, a third party to the offense, testified that the State had not offered him any consideration in return for his testimony. The State knew this was not true. The State's attorney did nothing to correct their witness's false testimony. *Napue,* 360 U.S. at 267–68 & nn. 2–3, 79 S.Ct. at 1174–76 & nn. 2–3. The Supreme Court held that the State denies a defendant due process of law when "a conviction obtained through use of false evidence, known to be such by representatives of the State," or when "the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Id.* at 269, 79 S.Ct. at 1177.

2. In *Willis,* a court-appointed arson investigator, a defense witness, testified that he was an engineer. Although he was not licensed under the Texas Engineering and Practices Act, he may have met an exemption that would have allowed him to be called an engineer. On appeal, Willis argued that his conviction was obtained through the use of false testimony. The Texas Court of Criminal Appeals, relying on *Napue,* rejected Willis's claim because the Court could not "characterize the prosecutor's cross-examination as injecting knowingly false testimony." *Willis,* 785 S.W.2d at 383.

do we impute any of the defense's knowledge to the prosecutor. Nothing in the record shows that the State condoned "false testimony." We decline to expand the prosecutor's knowledge to include the defense team. However, we cannot allow a defendant to deliberately subvert due process. Therefore, we hold an appellant's knowing offer of "false testimony" during a trial does not taint his conviction.

## 2. Applicable Law

### a. Fact Finder

Questions of fact are the province of the fact finder. In a jury trial, the trial court must submit any material fact issue raised by the evidence to the jury for its determination. The trial court does not determine the weight to be given to the evidence nor does it decide which testimony is true and which is false. *Gonzales v. State,* 546 S.W.2d 617, 618 (Tex.Crim.App.1977), *citing Armentrout v. State,* 515 S.W.2d 297, 298 (Tex.Crim.App.1974). When a defendant's pretrial statement differs from his trial testimony, Texas courts have determined that:

> [T]he jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony.... [T]his function extends not only to live testimony from the witness stand but also to statements made in written confessions which are introduced into evidence at trial. Clearly from their verdict, the jury chose to disbelieve appellant's exculpatory statements made in his written confession and introduced into evidence by the defense. That is their prerogative and we can not [sic] disturb their finding.

*Bonham v. State,* 680 S.W.2d 815, 819 (Tex. Crim.App.1984).

### b. Standard

The trial court should consider all of the testimony presented in determining whether to give a jury charge. *See Gonzales,* 546 S.W.2d at 618, *citing Armentrout,* 515 S.W.2d at 298; *see also Bonham,* 680 S.W.2d at 819. In determining whether the trial court should have charged the jury on lesser included offenses,[3] we follow a two-step analysis:

1. the lesser included offense must be included within the proof necessary to establish the offense charged; and

2. there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser included offense.

*Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (op. on reh'g) (plurality op.). If any evidence raises a lesser included offense, the trial court must so charge the jury. *Gonzales v. State,* 546 S.W.2d at 618. It must do so even if the evidence was "weak, contested, or incredible." *See Gold v. State,* 736 S.W.2d 685, 688 (Tex.Crim.App.1987).

### c. Aggravated Assault

A person commits an aggravated assault if he "intentionally, knowingly or recklessly causes serious bodily injury to another." *Boney v. State,* 572 S.W.2d 529, 532 (Tex.Crim.App. [Panel Op.] 1978), *citing* TEX.PENAL CODE ANN. § 22.02(a)(1) (Vernon 1989). A person can also commit an aggravated assault if he intentionally, knowingly, or recklessly causes bodily injury to another while using a deadly weapon. TEX.PENAL CODE ANN. §§ 22.01(a) & 22.02(a)(4). Aggravated assault can be a lesser included offense of murder. *Lawson v. State,* 775 S.W.2d 495, 499 (Tex.App.—Austin 1989, pet. ref'd); *Williams v. State,* 749 S.W.2d 183, 184 (Tex. App.—San Antonio 1988, pet. ref'd); *Castillo v. State,* 686 S.W.2d 377, 378 (Tex.App.—San Antonio 1985, no pet.) (evidence that defen-

---

**3.** The Texas Code of Criminal Procedure, article 37.09, defines lesser included offenses as follows:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission;

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

dant shot because he was afraid the deceased would shoot him and that he was not intentionally trying to kill the deceased raised aggravated assault); *see Dowden v. State,* 758 S.W.2d 264, 269 (Tex.Crim.App.1988) (because no evidence that defendant lacked intent to kill deceased, not entitled to lesser included offense charge on aggravated assault).

### 3. Application of Law to Facts

 Reviewing the entire record, including appellant's first testimony and his confession, we conclude that the evidence raised aggravated assault, a lesser included offense of murder. The record reflects that appellant, in his written confession, testified that he intentionally, knowingly, or recklessly caused serious bodily injury to the deceased while using a deadly weapon. TEX.PENAL CODE ANN. § 1.07(a)(11)(A) (Vernon 1974) (a firearm is a deadly weapon per se). The trial court erred in not giving a jury charge on the lesser included offense of aggravated assault.

### 4. Harm

 The State alleges that even if the trial court erred in not giving a lesser included offense jury charge, appellant did not show harm. It relies on *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g), as authority that appellant must show "some harm." The Texas Court of Criminal Appeals has held that when the jury is "not allowed to consider the lesser included offense of [aggravated assault] in conjunction with the charge of [murder]," appellant is clearly harmed. *Mitchell v. State,* 807 S.W.2d 740, 742 (Tex.Crim.App. 1991).

We sustain point of error number four. Because of our disposition on point of error number four, we need not address appellant's other points of error.

We reverse the trial court's judgment and remand this cause to the trial court.