Opinion of July 24, 2007, Withdrawn, Affirmed and Corrected Memorandum
Opinion filed August 2, 2007








 

Opinion
of July 24, 2007, Withdrawn, Affirmed
and Corrected  Memorandum Opinion filed August 2, 2007.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00781-CR

____________

 

MICHAEL MCCARDLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 0140846

 



 

C O R R E C T E D   M E M O R A N D U M   O P I N I O N

The court withdraws its opinion of July 24, 2007 and issues
a corrected opinion in its place due to an incorrect trial court number.

Appellant, Michael McCardle, appeals his conviction for
murder and sentence of life imprisonment.  In two issues, appellant argues that
the trial court erred when it refused to (1) instruct the jury on aggravated
assault as a lesser included offense of capital murder, and (2) grant mistrial
after improper argument by the State.  We affirm.








I. 
Background

On
September 15, 2005, Raul Romero Perez was shot and killed during a
confrontation between a group of African-American youths, which included
appellant, and a group of older Hispanic men, which included Perez.  Appellant
was arrested that night in connection with the incident and indicted for
capital murder.  The indictment alleged that appellant shot and killed Perez in
the course of committing a robbery.  At trial, appellant=s lawyer argued that appellant did
not attempt to rob Perez; instead, appellant shot Perez only after Perez
verbally harassed him and threatened him with a knife.  A statement appellant
gave at the time of his arrest was read to the jury.  In it, appellant
explained:  AI pulled my .380 handgun out of my front right short [sic] pocket and
pulled the trigger once.  I shot the Mexican once because he was coming at me
with a knife.@  At trial, Jorge Morales, Jose Morales, and Jarvis Campbell all
testified that at the time of the shooting, appellant was attempting to rob the
group of men that included Perez.  The witnesses also indicated that when
appellant threatened Perez with a gun, Perez stepped forward and gestured with
a knife.  Appellant requested an instruction on the lesser included offense of
aggravated assault.  He based his request on evidence indicating that appellant
was backing up at the time the shot was fired and on appellant=s statement AI feel bad about what happened to the
Mexican dude.@  The court denied appellant=s request for an instruction on the
lesser charge. 

During
closing argument, defense counsel asserted that the confrontation preceding the
shooting was a street fight rather than a robbery.  In the State=s closing argument, the prosecutor
called attention to appellant=s failure to call his brothers to testify in support of his
claim that a street fight, not a robbery, occurred.   Appellant objected to the
following comment, arguing that it was outside of the record: 

[T]he fact
that you don=t have Colby or Ivory here to say that this wasn=t a robbery is huge.  It is significant.  And it is
something that you can consider when you deliberate.  There is nothing improper
about saying, AWhy weren=t
they here to say it wasn=t a robbery,@
because they can=t help their brother.  They know it was a robbery,
too.








The court sustained
appellant=s immediate objection but denied his motion for mistrial.  The jury found
appellant guilty of capital murder, and he was sentenced to life without
parole. 

 

II. 
Lesser Included Offense

In his
first issue, appellant contends that the trial court erred in refusing to
instruct the jury on aggravated assault as a lesser included offense of capital
murder. The State alleged in its indictment that in the course of a robbery,
appellant intentionally caused the death of Raul Romero Perez by shooting him
with a firearm.  Appellant asserts that he was entitled to an aggravated
assault instruction because (1) the elements of the lesser offense are included
within the elements of the greater offense, and (2) there was evidence
suggesting that appellant lacked the requisite mental state for a murder
conviction.

Whether
one offense is a lesser included offense of another is determined by
application of article 37.09 of the Code of Criminal Procedure, which provides:

An offense
is a lesser included offense if:

(1) it is
established by proof of the same or less than all the facts required to
establish the commission of the offense charged;

(2) it differs from the offense charged
only in the respect that a less serious injury or risk of injury to the same
person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged
only in the respect that a less culpable mental state suffices to establish its
commission; or 

(4) it consists of an attempt to commit
the offense charged or an otherwise included offense.                         








Tex.
Code Crim. Proc. Ann.
art. 37.09.  The Court of Criminal Appeals recently clarified the two-step
analysis to be used in applying article 37.09.  Hall v. State, No.
PD-1594-02, 2007 WL 1343110, at *8-9 (Tex. Crim. App. May 9, 2007).  In the
first step, the elements of the offense as alleged in the indictment are
compared to the statutory elements of the potential lesser included offense.  Id.
at *8.  If the elements of the lesser offense could be established by proof of
the same or less than all of the facts required to establish the commission of
the charged offense, then the analysis moves to the second step.  Id. at
*9.  In the second step, the evidence adduced at trial must be reviewed to
determine if there is some evidence to support instructing the jury on the
lesser included offense.  Id.  In order to support submission of the
lesser included offense, the evidence must include proof of the lesser offense,
and the evidence must show that if the defendant is guilty, he is guilty only
of the lesser included offense.  Id. (citing Bignall v. State, 887
S.W.2d 21, 23 (Tex. Crim. App. 1994)).

We begin
the first step of the analysis by considering the statutory elements of capital
murder as modified by the specific allegations in the indictment:

(1) appellant

(2) intentionally

(3) caused the death of an individual

(4) by shooting the individual with a
firearm

(5) in
the course of robbing or attempting to rob the individual.

See Tex.
Penal Code Ann. ' 19.03.  We then compare these charged elements with the
statutory elements of the requested lesser offense of aggravated assault:

(1) appellant

(2) intentionally, knowingly, or
recklessly

(3)
caused serious bodily injury to an individual.








Id. ' 22.02.[1] 
We then must determine whether the elements of the lesser offense could be
established by the same or less than the proof required to prove the indictment
for murder.  The only question is whether serious bodily injury can be shown by
the same or less proof than that required to show death.  We hold that it can
because proof of death clearly requires proof of serious bodily injury.  See
id. ' 1.07(46); Jackson v. State,
992 S.W.2d 469, 475 (Tex. Crim. App. 1999).








In the second step of the analysis,
we must examine the evidence adduced at trial to determine if there is some
evidence to support instructing the jury on the lesser included offense.  Hall,
2007 WL 1343110, at *9.  Specifically, such evidence must include proof of the
lesser offense and must suggest that if the defendant is guilty, he is guilty only
of the lesser included offense.  Id.  In Jackson, the Court of Criminal Appeals stated that A[a] murder
defendant is not entitled to an instruction on the lesser included offense of
aggravated assault when the evidence showed him, at the least, to be guilty of
a homicide.@  992 S.W.2d at 475 (citing Forest v. State,
989 S.W.2d 365, 368 (Tex. Crim. App. 1999)).[2] 
The court went on to hold that because there was no evidence that the defendant
did other than cause the death of the victim, the only lesser included offense
available was another form of homicide, not aggravated assault.  Id.[3] 
The point is that because the defendant did not dispute that he committed an
act that resulted in the victim=s death, aggravated assault (or the mere
causing of serious bodily injury) was not an option.  See Tex. Penal
Code Ann. ' 22.02.  The same is true here.  Appellant does not dispute
that he committed an act that resulted in the victim=s death.  Thus,
aggravated assault is not an option under Jackson.[4]  Accordingly, we overrule appellant=s first issue.[5]

III.  Closing Argument

In his second issue, appellant
contends that the trial court erred in denying his motion for mistrial after it
sustained the objection to improper argument by the State and instructed the
jury to disregard.  In response, the State maintains that its argument was
proper.  As discussed in more detail above, the prosecutor pointed out during
closing argument that neither of appellant=s brothers testified at trial.  The
prosecutor then suggested that the brothers could not support appellant=s contention that the confrontation
was not a robbery because A[t]hey know it was a robbery, too.@  We assume without deciding, for
purposes of our analysis, that the prosecutors argument was improper because he
gave his version of the testimony the uncalled witnesses might have given.  See
Fant-Caughman v. State, 61 S.W.3d 25, 30 (Tex. App.CAmarillo 2001, pet. ref=d) (citing Johnson v. State,
649 S.W.2d 111, 116 (Tex. App.CSan Antonio 1983), aff=d, 662 S.W.2d at 368 (Tex. Crim. App. 1984)).  We therefore
consider whether the trial court erred in denying the motion for mistrial.








Generally, an
instruction to disregard will cure any error caused by improper jury argument. 
Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996); Caron
v. State, 162 S.W.3d 614, 618 (Tex. App.CHouston [14th
Dist.] 2005, no pet.). 
We review the efficacy of such an instruction under an abuse of discretion
standard.  Hawkins v. State, 135 S.W.3d 72, 76-77 (Tex. Crim. App.
2004).  To require mistrial, the harm must be so serious as to make further
proceedings futile.  Id. at 77.  When the argument exceeds permissible
bounds and there has been an instruction to disregard, mistrial is warranted
only when the argument is extreme, manifestly improper, injects new and harmful
facts into the case, or violates a mandatory statutory provision.  Westbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

Here, in context, the prosecutor=s off-hand remark, A[t]hey know it was a robbery too,@ was not so strong or definitive as
to take on the appearance of a statement of fact known by the prosecutor. 
Instead, the statement appears speculative in nature and based solely on
appellant=s failure to produce his brothers= testimony.[6] 
Accordingly, we find that the trial court=s instruction was sufficient, and
consequently, the court did not abuse its discretion in denying the motion for
mistrial.  See id. at 115-16  Appellant=s second issue is overruled.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Corrected Memorandum Corrected Opinion filed August 2, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although aggravated assault can be committed in
differing manners, we restrict our consideration here to those apparent in
appellant=s request in the trial court.  See Tex. Penal Code Ann. ' 22.02.





[2]  Although Jackson and Forest pre-date Hall,
the reasoning in these prior cases applies to the second step of the lesser
included offense analysis, which was basically left unaltered in Hall.  See
Hall, 2007 WL 1343110, at *8-9.  Consequently, Jackson and Forest
still appear to be good law, post-Hall.





[3]  Under the Penal Code, homicide includes murder,
capital murder, manslaughter, and criminally negligent homicide. Tex. Penal Code '19.01(b).





[4]  Appellant relies on Castillo v. State, 686
S.W.2d 377 (Tex. App.CSan Antonio 1985, no pet.), and Sledge v. State,
860 S.W.2d 710 (Tex. App.CDallas 1993, pet. ref=d), to support his contention that because some evidence existed
indicating that he lacked the requisite mental state for murder, an aggravated
assault charge was necessary.  In both cases, the respective courts found for
the defendants based on evidence that called into question whether the
defendants were intentionally shooting at the victims.  When asked if he was
trying to hit the victim, the defendant in Castillo answered Anot intentionally,@
and in Sledge, the defendant indicated that he was shooting at a car and
not at people. See Sledge, 860 S.W.2d at 712; Castillo, 686
S.W.2d at 378.  However, as the court in Jackson explained, while
evidence that appellant lacked the requisite mental state for murder may have
entitled him to a charge on a lesser degree of homicide, it did not entitle him
to an aggravated assault charge because the victim died as a result of
appellant=s conduct.  992 S.W.2d at 475.  It is thus
questionable as to whether Castillo and Sledge are still good law
after Jackson.





[5]  Appellant=s
specific argument is that the evidence demonstrated he did not possess the
requisite mental state for a murder conviction. 





[6]  In Tucker v. State, we held that the trial
court=s instruction to disregard was ineffective where the
prosecutor had commented that: AAutopsy photos
always have unzipped clothes.  I know it.@ 
15 S.W.3d 229, 237-38 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  We
reasoned that the jury could have attached great significance to the comment
because the prosecutor could be seen as having special expertise on the subject
of autopsies.  Id.  In the present case, however, the prosecutor did not
imply that his statement was based on any unique or extraordinary knowledge or
expertise, and we do not find that the jury would have been compelled to attach
much significance to his remark.