**Linda Diane FOGGLE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–135–CR.**

Court of Appeals of Texas,
Fort Worth.

April 28, 1982.

Max Blankenship, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Tom Myers, Joe C. Lockhart, Asst. Dist. Attys., Fort Worth, for appellees.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appeal is taken from conviction by the trial court for theft of two purses of a value of more than $20.00 and less than $200.00, a class A misdemeanor. V.T.C.A. Penal Code sec. 31.03(d)(3).

The punishment assessed by the court is $400.00 fine and 1 year (probated).

We affirm.

Appellant complains of (1) being denied a speedy trial; (2) vagueness and uncertainty in the information; and (3) the denial of her offer of proof of her "good" reputation for being a peaceable and law abiding citizen.

Appellant was arrested on May 10, 1980, for the theft of two purses from Stripling's Department Store. The State was required by law to be ready for trial within 90 days of Appellant's arrest. V.A.C.C.P. art. 32A.02, secs. 1(2) and 2.

The original information in the cause was filed on May 12, 1980, bearing the original cause number of 0156126.

On July 1, 1980, the day the case was initially set for trial, appellant requested a continuance, in which she waived her right to a speedy trial.

The case was subsequently set for trial on August 19, 1980, and on August 15 the State filed an amended information, bearing the cause number of 0160121.

The State argues that the Appellant's waiver of the speedy trial act under the first information also applied to the amended information, citing *Durrough v. State*, 620 S.W.2d 134 (Tex.Crim.App.1981).

Article 32A.02, section 4, provides several periods of time that shall be excluded in computing the date by which the State must be ready for trial. Subsection (7) provides that there shall be excluded,

> "if the charge is dismissed upon motion of the state . . . and the defendant is later charged with the same offense or another offense arising out of the same transaction, the period of delay from the date of dismissal . . . to the date the time limitation would commence running on the subsequent charge had there been no previous charge; . . ."

■ We hold as the court in *Durrough, supra,* that art. 32A.02, sec. 4(7) does not exclude any time in this case because the record fails to show whether the second information was filed before or after the dismissal of the first one. If the two charges overlap there is no period of time to be excluded under subsection (7).

Subsection (7) is important, however, because it implies a continuing relationship between the time periods covered by the first information and the second one.

■ Although article 32A.02 is designed to prevent the State's abuse of the accused's right to a speedy trial, a delay occasioned by the accused's own motion for continuance is not such an abuse.

The second information alleged that the owner of the property stolen by appellant was store manager Bob Davenport, while the first information had alleged the owner to be store security guard Edward Resendez.

Otherwise, the two informations were identical.

The State announced ready for trial on August 19th, 1980 and that it had been ready at the July 1 setting also. Appellant presented no evidence to show that the State was not ready or did not announce readiness in good faith.

■ An announcement of ready is a *prima facie* showing of conformity to the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979).

■ Even if appellant had not waived her right to speedy trial, the period of delay resulting from the continuance granted at her request was excluded properly from the computation of time.

Appellant's first ground of error is overruled.

In her second ground, appellant relies upon the general rule that the second information is too vague in its allegations pertaining to "ownership" and "effective consent" and fails to give adequate notice to the accused.

■ Appellant did not present these specific objections to the trial court. Such objections to the form of the information may not be raised for the first time on appeal. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim.App. 1974).

The second ground of error is overruled.

The third ground complains that during the guilt/innocence phase of trial she was denied the right to offer proof of her "good" reputation for being a peaceable and law abiding citizen.

■ Such error is harmless where evidence of the defendant's guilt is clearly established as in the instant case. *Phenix v. State*, 488 S.W.2d 759 (Tex.Crim.App. 1973).

■ When a defendant testifies and denies guilt, the State may put on testimony as to the defendant's good or bad reputation for truth and veracity. *Mirowitz v. State*, 449 S.W.2d 475 (Tex.Crim.App.1970).

Unless the State attempts to do so, however, or unless it shows contradictory statements of the defendant, the defendant may not prove his reputation for truth and veracity. *Wallace v. State*, 501 S.W.2d 883 (Tex.Crim.App.1973).

We hold that where the State's evidence only contradicts defendant's testimony, as in this case, but does not impeach the defendant, there is no error in refusing the reputation testimony. *Stewart v. State*, 587 S.W.2d 148 (Tex.Crim.App.1979).

Appellant's third ground of error is overruled.

Judgment is affirmed.