Rayford Lee SMITH, Appellant,

v.

The STATE of Texas, State.

No. 2–81–218–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 4, 1982.

Rehearing Denied Sept. 15, 1982.

Stephen C. Maxwell, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Forth Worth, for the State.

Before HUGHES, RICHARD L. BROWN, and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

A jury found appellant, Rayford Lee Smith, guilty of murder and assessed his punishment at confinement in the Texas Department of Corrections for a term of 40 years.

We affirm.

Before discussing the facts we dispose of appellant's first ground of error which is that the trial court erred in not allowing him to prove his reputation as being a peaceful and law-abiding citizen by showing that he had never been convicted of an offense.

Although "an accused may introduce evidence of his good character to show that it is improbable that he did the act charged . . . the good character of the accused may not be proved by testimony that he has never been previously charged with or convicted of a criminal offense." *Smith v. State,* 414 S.W.2d, 659, 661 (Tex. Cr. App. 1967). We overrule the first ground of error.

Appellant claims that he acted in self defense. His sixth ground of error is that the trial court erred in failing to instruct the jury on the law of self defense. "A defendant is entitled to an affirmative

defensive instruction on every issue raised by the evidence. [T]he truth of the testimony presented is not an issue." *Misner v. State,* 610 S.W.2d 502, 503 (Tex. Cr. App. 1981).

Appellant signed a written statement after he was arrested. It was admitted into evidence and reads as follows (omitting its formal parts):

My name is Rayford Lee Smith, age 31, and I live at 333 Jana Drive with my mother, Mrs. Vercie Smith. I have obtained a high school education and one year in college. I can read and write.

Last Friday night which was Dec. 21st, 1979, I was in the Mingle Box located on S. Riverside Drive when a guy by the name of Alfred came into the place of business. Alfred came over to me and told me that he wanted to talk to me and asked me to come outside. I had a 32 caliber pistol in my belt under my shirt, and I went outside with Alfred. When we got outside Alfred hit me in the mouth. After Alfred hit me in the mouth I backed up and pulled the pistol out of my belt. I started talking to Alfred about me owing him some money and that I didn't have it to pay him at that time. Alfred saw the pistol in my hand and he told me that I would have the ups today, but that he would have the ups tomorrow. When Alfred told me that I pointed the pistol at him and fired three times at him. Alfred ran inside the club and I then got into my 1966 Ford LTD and drove off from the Mingle Box and went to my girl friends house on Bidaker Street. When I fired the pistol at Alfred he was standing about 25 to 30 feet from me and when I pointed the pistol at him, he (Alfred) turned and started to run toward door of the Mingle Box. After I had pulled my gun, Alfred never advanced toward me are (sic) made anyother effords (sic) to hit me.

I have read the above statement consisting of one page and find it to be true and correct. I again wish to state that I wish to waive my rights as set out at the top of this page and do not or desire a lawyer at this time.

V.T.C.A., Penal Code, Sec. 9.32 (1974) reads as follows:

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary;

(A) to protect himself against the other's use or attempted use of attempted use of unlawful deadly force;

V.T.C.A. Penal Code, Sec. 9.31 (1974) reads as follows:

(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

There is testimony that the decedent had threatened appellant on occasions before the incident in question. When asked if he was in fear of his life, appellant responded that he was and that he had been in fear "all the summer, most of the summer and all of the winter." Appellant urges that the decedent was the aggressor in that the decedent struck appellant.

"Immediate" is the key word here. While it is undisputed that the decedent struck appellant, appellant testified that after he pulled the gun, the decedent made no further advances. Appellant also testified that he did not know if the decedent was armed or not.

We hold, as a matter of law, that appellant was not justified in using deadly force against the decedent. His use of the deadly force could not have reasonably been believed to be *immediately necessary* to protect himself against the decedent. For this reason the trial court did not err in refusing to instruct the jury on the law of self

defense. *Cerda v. State,* 557 S.W.2d 954 (Tex. Cr. App. 1977). We overrule the sixth ground of error.

■ The fact that the law requires an accused to reasonably believe the use of deadly force to be *immediately necessary* also leads us to overrule the second and fourth grounds of error. By these grounds of error appellant contends that the trial court erred in excluding testimony tending to show appellant's fear of the decedent. The excluded testimony which actually related to appellant's ongoing fear of the decedent, was offered after appellant had testified and virtually undermined his assertion of self defense as a matter of law.

Appellant's third ground of error is that the trial court erred in excluding testimony by defense witnesses that the deceased party had a bad reputation as a dangerous and violent person.

■■ Where there is evidence of some act of aggression by the deceased *which gives rise to a claim of self defense* on the part of the defendant, the general reputation of the deceased as a dangerous and violent character is admissible. *Beecham v. State,* 580 S.W.2d 588 (Tex. Cr. App. 1979). The excluded testimony was offered after appellant's own testimony had established that there was no act of aggression which gave rise to a valid claim of self defense. The testimony was irrelevant. We overrule the third ground of error.

■ Appellant's fifth ground of error is that the trial court erred by improperly suggesting that the State's attorney object to the testimony of a defense witness. Actually the trial court asked the State's attorney if he was going to object to a portion of the testimony of a defense witness.

The alleged error occurred as a defense witness was being questioned outside the presence of the jury. There is no indication as to why there was testimony taken outside the presence of the jury. Appellant's ground of error goes to the trial court's question asked as a defense witness was testifying to both a specific instance relating to the decedent's effect upon appellant

and his general reputation. It would appear that the only viable reason for taking the testimony outside the presence of the jury was to afford the trial court an opportunity to pass upon the admissibility before the jury of the testimony of the several witnesses who were questioned.

It seems that the trial court was merely seeking clarification as to whether the State was objecting to the introduction of evidence as to the specific instance of appellant's reaction to the decedent or the decedent's general reputation. The trial court's attitude was impartial. Furthermore, appellant made no objection to the trial court's question. No error is shown. *Munoz v. State,* 485 S.W.2d 782 (Tex. Cr. App. 1972). We overrule the fifth ground of error.

Finally, by his seventh ground of error appellant claims that the trial court erred by failing to instruct the jury on the law of involuntary manslaughter, a lesser included offense.

V.T.C.A. Penal Code, Sec. 19.-05(a)(1) (1974), which defines involuntary manslaughter, sets forth "recklessness" as the culpable mental state required for the offense of involuntary manslaughter. There is no evidence that appellant acted recklessly as defined under V.T.C.A. Penal Code Sec. 6.03(c) (1974). Where the evidence raises only the issue that the accused is guilty of the offense charged or no offense at all, the issue of the lesser included offense is not raised. *Thomas v. State,* 578 S.W.2d 691 (Tex. Cr. App. 1979). We overrule the seventh ground of error.

The judgment of the trial court is affirmed.