**Robert Marion HOLMAN, Appellant,**

v.

**The STATE OF Texas, State.**

**No. 2–86–035–CR.**

Court of Appeals of Texas,
Fort Worth.

June 4, 1987.

———

Zachry, Kearney, Hill, Beatty & Butcher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and David L. Richards, Asst. Dist. Attys., Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Robert Marion Holman appeals from a conviction of murder for which the jury sentenced him to confinement in the Texas Department of Corrections for ninety-nine years. *See* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). Appellant complains in three points of error that the trial court erred: 1 and 2) in failing to give the jury a self-defense instruction; and 3) in allowing the admission of a weapon that had previously been suppressed. Given our holding on appellant's first contention, we do not reach the second.

We reverse and remand for new trial.

Approximately two weeks after beginning a new job, appellant shot and killed his supervisor. Appellant pled not guilty at trial. He took the stand during the

guilt/innocence stage of the trial to give his version of the event. On the basis of this testimony, appellant requested in writing a charge on self-defense, which was denied. Appellant also made a timely objection to the omission of such an instruction, which was overruled. Appellant contends in his first and second points of error that the court erred in failing to submit an instruction on self-defense to the jury.

The Court of Criminal Appeals has consistently held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App.1987) (opinion on reh'g); *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984); *Moon v. State,* 607 S.W.2d 569, 570 (Tex. Crim.App.1980). The appellant's testimony alone may be sufficient to raise the issue so as to entitle appellant to an instruction. *Hayes,* 728 S.W.2d at 807; *Dyson,* 672 S.W.2d at 463; *Warren v. State,* 565 S.W.2d 931, 933 (Tex.Crim.App.1978). The instruction must be submitted whether the evidence supporting it is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Hayes,* 728 S.W.2d at 807; *Dyson,* 672 S.W.2d at 463; *Warren,* 565 S.W.2d at 933. The Court of Criminal Appeals has emphasized that the truth or credibility of the testimony is not the issue; rather, the issue is whether the jury should have been instructed to decide those facts under the applicable law. *Hayes,* 728 S.W.2d at 808. This is especially true when appellant makes a proper and timely request for such a charge. *Hayes,* 728 S.W.2d at 808; *Warren,* 565 S.W.2d at 934. Such testimony or other evidence is to be viewed in a light most favorable to the appellant. *See Dyson,* 672 S.W.2d at 463. Appellant gave the following testimony in support of his claim of justification by self-defense.

In the two weeks appellant worked with the company, he found that his supervisor, the deceased, had a high temper and a reputation among some of their co-workers of being a bully. The deceased conducted sales meetings each morning. Prior to the meeting on the day before the shooting took place, the deceased overheard appellant tell another co-worker that he could do well selling service contracts in the deceased's territory and that he had already contacted his relatives who lived there. The deceased became very angry even though the company salesmen agreed that each salesman was entitled to follow up any phone-in leads from his territory, but that he could solicit sales contracts anywhere in the country. Nevertheless, the deceased threatened to blow up the car belonging to anyone who solicited contracts in his area. Appellant took the threat seriously because of the deceased's loud and angry tone of voice. Appellant felt the threat was aimed directly at him because the deceased looked directly at appellant when he said it. Appellant agreed not to solicit sales in the deceased's territory because of the threat.

A few hours after the meeting when appellant tried to apologize to the deceased, appellant was told by the deceased to "shut my damn mouth or I would be in my car when he blowed it up." Appellant became frightened because he believed the deceased was serious about the threat. After this altercation, the schedule for the next day was changed with the result that appellant would be training alone with the deceased. Appellant became even more frightened with this change because appellant had already trained with the deceased while other new salesmen had not. Appellant saw the change as an attempt by the deceased to get appellant alone. Appellant called his brother that night to discuss his fear that the deceased was going to kill him. Appellant wanted his brother to know who threatened him in case appellant ended up getting killed. That night appellant could not eat or sleep well.

The next morning, appellant checked his car for explosives before going to work. The deceased arrived at work several minutes after appellant did. As he walked past appellant, the deceased hit appellant on the chest and reminded him of his threat. The deceased then went to his desk and opened a drawer. Appellant said that he did not know what was in the drawer

but that the deceased's actions terrified him because "I thought he was going to kill me." Appellant believed the deceased could shoot or stab him at that moment. He believed he could not retreat. Appellant then shot the deceased.

Section 9.31 of the Texas Penal Code provides in part:

> Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

TEX.PENAL CODE ANN. sec. 9.31(a) (Vernon 1974). Subsection (b) does not apply to this case. Section 9.32 explains when deadly force may be used in self-defense. *See* TEX.PENAL CODE ANN. sec. 9.32 (Vernon Supp.1987). It provides:

> A person is justified in using deadly force against another:
>
> (1) if he would be justified in using force against the other under Section 9.31 of this code;
>
> (2) if a reasonable person in the actor's situation would not have retreated; and
>
> (3) when and to the degree he reasonably believes the deadly force is immediately necessary:
>
> (A) to protect himself against the other's use or attempted use of unlawful deadly force; or
>
> (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

*Id.*

■ Appellant admitted he shot the deceased. To support his claim of justification, appellant testified that the deceased threatened to kill him the day before the shooting, and reminded him of the threat immediately before the shooting. The deceased then went directly to his desk and opened a drawer. Appellant stated he did not know what was in the drawer but that he believed the deceased was going to kill him and that he could be shot or stabbed at

that moment. Appellant further testified that he believed he could not retreat. We hold that appellant's testimony sufficiently raises the issue of self-defense and entitles appellant to an instruction on the same. The trial court erred in refusing to give the requested charge on self-defense. *See Hayes*, 728 S.W.2d at 808.

■ The State cites *Smith v. State*, 638 S.W.2d 208 (Tex.App.—Fort Worth 1982, no pet.), to support its claim that, as a matter of law, appellant could not have reasonably believed his use of deadly force was *immediately* necessary. The *Smith* case can be distinguished because there the appellant admitted the deceased made no further advances between the time the appellant pointed his gun at the deceased and the time he fired the shot. *See id.* at 209. In fact, the deceased had turned to run when the gun was pointed at him. *See id.* In the present case, appellant testified that he believed the deceased could shoot or stab him at that moment and that he could not retreat, which would justify his use of deadly force. Whether appellant's beliefs were reasonable and justifiable and whether appellant's use of force was immediately necessary under the circumstances were fact questions for the jury. *See Rodriquez v. State*, 544 S.W.2d 382, 384 (Tex.Crim. App.1976).

Since the decision in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984) (opinion on reh'g), it is necessary to evaluate errors in the jury charge in light of the actual harm the appellant's case suffered because of such errors. *See Hayes*, 728 S.W.2d at 808. Error which is properly preserved in the trial court, as in this case, will require reversal if the error is not harmless in nature. *See id.* Such cases will be affirmed only if *no* harm has occurred. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986). All relevant portions of the record must be reviewed to determine the degree of harm done to the appellant's cause. *See id.* at 352.

■ In *Hayes*, the Court of Criminal Appeals held that, although the trial court erred in refusing to include the appellant's

requested charge, the appellant suffered no harm from the error because another instruction in the charge gave the appellant greater rights than would his requested charge. *Hayes,* 728 S.W.2d at 810. After reviewing the entire charge and other relevant portions of the record in this case, we find no jury instruction giving appellant equivalent or greater rights than would his requested charge on self-defense. Appellant, therefore, has suffered some harm by the trial court's erroneous refusal to submit such a charge. Appellant's first and second points of error are sustained.

Judgment is reversed and remanded for new trial.