Kenneth A. **PRESTON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–88–019–CR.

Court of Appeals of Texas,
Fort Worth.

April 27, 1989.

Zachry, Hill, Beatty & Butcher and Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Cindy Singleton, Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ., concur.

## OPINION

HILL, Justice.

Kenneth A. Preston appeals his conviction by a jury of the offense of murder. The jury assessed his punishment at twenty-five years in the Texas Department of Corrections. In four points of error, Preston contends that the trial court erred by prohibiting the introduction of evidence of his non-violent character and his character for not being easily provoked; by prohibiting him from introducing relevant facts and circumstances showing the previous relationship existing between him and the deceased; and by allowing the prosecution to cross-examine his psychiatric witness using a hypothetical question based on purported facts not in evidence.

We reverse and remand for a new trial, because we find that the trial court erred by prohibiting the introduction of evidence of Preston's non-violent character and his character for not being easily provoked, and because we cannot say beyond a reasonable doubt that the exclusion made no contribution to Preston's conviction.

In points of error numbers one and two, Preston contends that the trial court erred by prohibiting the introduction of evidence of his non-violent character and his character for not being easily provoked.

Preston shot and killed his estranged wife Betty at her home. He testified that she had asked him to come pick up some things and that he approached her door with a pistol in his pocket. He said that she was standing inside her front door with a jacket that he wanted when she got belligerent and started cursing him. He said that she called him a dumb son-of-a-bitch and a m___ f___ and told him that she wanted at least $5,000 to $10,000 and that

he could g__ d__ go to Lubbock and get it from his family. He said that when she told him, "I've been f__g a son-of-a-bitch all night long, and I'm going to go do it again tonight. And if you don't believe it, you can come over here and see," she reached out the door and shoved him. He then pulled out his pistol and shot her in the back as she was running off the porch. He apparently shot her again as she lay on the ground.

■ By bill of exception Preston offered the testimony of a former spouse who would have testified before the jury that he does not have a propensity for violence and is the type of man for whom it would take some extreme provocation to cause him to resort to violence. Another witness, who had known Preston since he was an infant and who felt "just like I'm his mother," would have testified before the jury that Preston does not have a propensity for violence and is not a person who would respond with violence to trivial matters. She said it would have to be a very emotional trauma, some kind of conduct or words that would cause any ordinary-tempered person to engage in that kind of conduct. A third witness, a distant relative who had known Preston for many years, would have testified that Preston did not have leanings toward violence, and would have expressed her opinion that it would have taken a horrible and emotional trauma to cause Preston to respond violently, because he is such a calm-natured, good person.

Evidence of a pertinent character trait of an accused is admissible, when offered by an accused, for the purpose of proving that he acted in conformity with that trait of character on a particular occasion. TEX.R. CRIM.EVID. 404. Preston offered this testimony in an effort to prove his contention that his shooting the deceased was the result of sudden passion arising from an adequate cause. The State throughout the trial strongly disputed Preston's account that he shot the deceased upon becoming enraged by her statements about sleeping with other men. Under the provisions of Rule 404, Preston was entitled to present evidence of his character to prove that on the occasion in question he acted in conformity with that character.

The State contends that the trial court did not reversibly err in not permitting the testimony because the evidence did not raise the issue of sudden passion arising from an adequate cause. In *Gonzales v. State*, 546 S.W.2d 617 (Tex.Crim.App.1977), the Texas Court of Criminal Appeals held that testimony that Gonzales went to the deceased's motel room to tell him to leave his family alone, only to find his wife, who he thought was at home, in bed with the deceased, was sufficient to raise the issue of the defendant acting under the immediate influence of sudden passion arising from an adequate cause. *Id.* at 618. Although in this case the deceased was not in bed with anyone, she vividly drew a word picture of herself in the *Gonzales* situation if she stated, as the defendant testified, that "I've been f__g a son-of-a-bitch all night long, and I'm going to go do it again tonight." Preston testified that he "came apart" when she said that, that it was "the straw that broke the camel's back," and that he "went berserk."

A person is guilty of voluntary manslaughter instead of murder if he caused the death under the immediate influence of sudden passion arising from an adequate cause. TEX.PENAL CODE ANN. sec. 19.-04(a) (Vernon 1989).

"Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. TEX.PENAL CODE ANN. sec. 19.04(b) (Vernon 1989).

"Adequate cause" means cause that would commonly produce a degree of anger, rage, resentment or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. TEX.PENAL CODE ANN. sec. 19.04(c) (Vernon 1989).

We find the evidence was sufficient to raise the issue that Preston caused the deceased's death while under the immedi-

ate influence of sudden passion arising from an adequate cause.

The State relies primarily on the cases of *Corbett v. State*, 493 S.W.2d 940 (Tex.Crim. App.1973); *Hobson v. State*, 644 S.W.2d 473, 478 (Tex.Crim.App.1983); and *Goodwin v. State*, 694 S.W.2d 19, 29 (Tex.App.— Corpus Christi 1985, pet. ref'd). In *Corbett*, the deceased was killed while talking on the telephone to a bank about some checks written by Corbett. He had earlier threatened to send Corbett to jail, but the opinion does not indicate that the threat was immediately related in time to the killing of the deceased. The court held that the evidence did not raise the issue that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. In *Hobson*, the defendant had bailed the deceased out of jail at his daughter Lisa's request. Later, he followed the deceased home, approached him, told him to stay out of Lisa's life, and threatened to have him put in jail. The deceased told Hobson that he would tell Lisa what Hobson was doing. This caused Hobson to pull out a knife, the two struggled, and Hobson stabbed the deceased in the throat. The court held that the deceased's statement that he would tell Lisa what her father was doing was not sufficient evidence of adequate cause. In *Goodwin*, the defendant killed the deceased in a barroom fight that started when the deceased took a swing at Goodwin. The deceased was intoxicated at the time, having walked unsteadily and bumping into people when he entered the lounge. Goodwin, while still sitting at the bar, hit the deceased, stood up and hit him again when he got up, then kicked him in the stomach and in the chin. The court without discussion held that this evidence did not support a finding of sudden passion arising from an adequate cause. Based on the distinctions between the provocations in those cases and that in this case, we are not persuaded by the State's argument. In this case the provocation was immediate with respect to Preston's response and was more likely to arouse a strong passionate response than those set forth in the cases cited by the State.

The State argues that even if the evidence were sufficient to raise the issue of sudden passion arising from an adequate cause, the testimony of the defense witnesses as to Preston's past conduct was irrelevant to his present state of mind. The evidence offered by Preston goes to his character, not his past conduct. The evidence was offered to prove that on the occasion in question he acted in accordance with that character. As we have noted, Rule 404 of the Texas Rules of Criminal Evidence authorizes the admission of such testimony for such a purpose. We assume that in authorizing the admission of such testimony that the Texas Court of Criminal Appeals considers such testimony relevant.

The State contends that since they cannot present evidence of a defendant's poor character to prove that he acted in conformity with that character and therefore committed the offense charged, that the defendant should not be permitted to prove good character in order to secure acquittal or conviction of a lesser offense by proving that he acted in accordance with his good character on the occasion in question. We find the argument to be persuasive because it is logically compelling; however, the Texas Rules of Criminal Evidence provide for the accused to present such evidence but not the State. Prior to the enactment of the Rules of Criminal Evidence, the accused was permitted to introduce reputation evidence of his good character to show that it was improbable that he did the act charged. *See Schmidt v. State*, 449 S.W. 2d 39, 40 (Tex.Crim.App.1969).

The State asserts that it is difficult to find sudden passion arising from adequate cause because the victim was retreating at the time she was shot. We believe that under the facts of this case that is a question for the jury to decide. This is not a self-defense issue. It is a question of whether it was a sufficient and timely provocation that caused Preston to shoot the deceased.

The State acknowledges that prior to the enactment of the rules a defendant was permitted to introduce evidence of his good character to show that it was improbable

that he committed the offense charged, by referring us to the case of *Schmidt v. State*, 449 S.W.2d at 40. The State then contends that such a rule is not applicable to Preston because the fact that he committed this offense was not in question. It is true that the fact that Preston shot the deceased was not in question, but the issue of whether his shooting her resulted from sudden passion arising from an adequate cause was highly contested. Consequently, the issue of whether Preston committed the offense of murder was contested, and Preston was entitled to present evidence of his character trait for the purpose of showing that it was improbable that he committed murder, as opposed to voluntary manslaughter.

Additionally, the State relies on the cases of *Smith v. State*, 638 S.W.2d 208, 209 (Tex.App.—Fort Worth 1982, no pet.) and *Foggle v. State*, 632 S.W.2d 402, 404 (Tex. App.—Fort Worth 1982, no pet.). The State's reliance on these two cases is misplaced. In *Smith*, the court held that a defendant could not prove his good character by showing that he had never been convicted of an offense. The court did not hold that Smith could not prove his good character. We note that proof of no convictions is not proof of a character trait as authorized by Rule 404 of the Texas Rules of Criminal Evidence. In *Foggle*, this court held that the court's failure to permit the defendant to present evidence of her good reputation for being a peaceable and law abiding citizen was harmless where evidence of the defendant's guilt of theft was clearly established. In this case, as we have noted, the issue as to whether the defendant was guilty of murder or voluntary manslaughter was highly contested. We are therefore unable to say beyond a reasonable doubt that the action of the trial court in excluding this testimony made no contribution to the conviction. TEX.R. APP.P. 81(b)(2). We sustain points of error numbers one and two.

In point of error number three, Preston contends that the trial court erred by excluding evidence showing the previous relationship between himself and the deceased. The shooting occurred in January while the parties' divorce was pending. Preston sought to introduce evidence showing the nature of the deceased's increased use and dealing in drugs which had started the preceeding summer, when she renewed relationships with old high school friends. The evidence was offered as relevant facts and circumstances of the previous relationship between the accused and the deceased, as authorized by TEX.PENAL CODE ANN. sec. 19.06 (Vernon 1989), in all prosecutions for murder or manslaughter. As we have previously noted, Preston was charged with both.

The Texas Court of Criminal Appeals has held that section 19.06 of the Penal Code does not constitute any extension of the general rules of evidence, and that such evidence must be relevant to a contested fact or issue to be admissible. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App. 1986). In order to determine whether any evidence is admissible, the trial judge should compare its probative value, if any, with the prejudicial and inflammatory aspects of the testimony. *Id.* This determination by the trial judge is within his sound discretion, and will not be reversed on appeal unless a clear abuse of discretion is shown. *Id.* We do not find a clear abuse of discretion because any relevancy of the facts Preston sought to prove was out-weighed by the prejudice to the State of such testimony.

We also note that a certain amount of testimony, including the fact that the deceased's usage of marijuana became more pronounced that summer before the shooting, that such increase in use caused additional problems with the marriage, and that his wife was in possession of a pound of marijuana that summer, was admitted into evidence without objection. If it were error for the trial court to exclude the testimony offered by Preston, we hold beyond a reasonable doubt that such error made no contribution to Preston's conviction or to his punishment. We overrule point of error number three.

In view of our determinations as to these points of error, we need not consider the

**380**

remaining point of error in which appellant claims the court improperly allowed the State to question appellant's expert witness using a hypothetical question that was based upon purported facts not in evidence. We presume the same point would not likely recur on trial, and the State will adhere to the applicable rule stated in *Pyles v. State,* 755 S.W.2d 98, 118 (Tex.Crim.App. 1988); *Holloway v. State,* 613 S.W.2d 497, 503 (Tex.Crim.App.1981); *Woods v. State,* 569 S.W.2d 901, 903 (Tex.Crim.App.1978).

The judgment is reversed and the cause remanded.