Kenneth A. PRESTON, Appellant,

v.

The STATE of Texas, State.

No. 2–91–111–CR.

Court of Appeals of Texas,
Fort Worth.

May 6, 1992.

Hill, Beatty, Butcher & Gallagher, and Alan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Betty Marshall, Greg Pipes, Tom Bellows, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, DAY and MEYERS, JJ.

## OPINION

HILL, Justice.

Kenneth A. Preston appeals his conviction by a jury for the offense of murder. The jury assessed his punishment at thirty-five years in the Texas Department of Criminal Justice, Institutional Division. We on our own motion withdrew a previous opinion and hereby substitute this opinion for that previous opinion.

Preston contends in four points of error that the trial court erred by: (1) prohibiting him from introducing relevant facts and circumstances showing the previous relationship existing between him and the deceased; (2) prohibiting his voir dire examination of the prospective jurors with a proper question regarding a proper area of inquiry; (3) overruling his timely objection to the court's proposed jury instructions in that these incorrectly stated the burden of proof applicable to the issue of voluntary manslaughter; and (4) denying his requested jury instruction that clearly placed the appropriate burden of proof on the issue of voluntary manslaughter.

We affirm because: (1) the trial judge did not abuse its discretion in not admitting certain evidence of Betty Preston's drug use prior to the murder since the relevancy of the evidence was outweighed by its unfair prejudice to the State; (2) Preston was not prohibited from asking the members of the venire whether they felt that they would place a greater burden of proof on the case because it was a murder case, but was only prevented from suggesting to the venire that there was a greater burden of proof in murder cases; and (3) the charge as a whole properly placed the burden of proof with respect to the offenses of murder and voluntary manslaughter and is a proper charge.

On January 11, 1987, Preston went to the home of his estranged wife Betty and shot her five times in the back with a handgun. He then went to his pickup, retrieved a shotgun, and shot her again.

█ Preston argues in point of error number one that the trial court erred by prohibiting him from introducing relevant

facts and circumstances showing the previous relationship existing between him and the deceased. We rejected the same point of error in the original appeal of this case. *See Preston v. State,* 769 S.W.2d 375, 379 (Tex.App.—Fort Worth 1989, pet. ref'd). We again overrule the point of the error for the same reasons expressed in that original opinion, that the trial court did not abuse its discretion in denying admission of the evidence because any relevance of the evidence Preston sought to introduce was outweighed by the unfair prejudice to the State of such testimony.

Preston urges in point of error number two that the trial court erred by prohibiting his voir dire examination of the prospective jurors with a proper question regarding a proper area of inquiry, that being their views on the issue of "reasonable doubt."

An examination of the record reveals that Preston was not prevented from asking the veniremembers whether anyone thought that the threshold level of reasonable doubt might vary from one case to the other. Instead, the State objected to his insinuating to the jury that the burden of proof is different merely because of the charge.

The burden of proof, of course, is that the State prove the allegations in the indictment beyond a reasonable doubt. The Texas Court of Criminal Appeals has recently propounded a definition of reasonable doubt. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). However, at the time of trial in this case, there was no definition. Consequently, the jurors chosen would be free to define it as they might choose. However, we know of no rule that would permit the defendant to suggest to the venire that the burden would vary from case to case.

Preston refers us to death penalty cases such as *Hartfield v. State,* 645 S.W.2d 436 (Tex.Crim.App.1980), which hold that a prospective veniremember may not be excused from service simply because her answers to fact issues in the capital case might be affected by the seriousness of the punishment. *Id.* at 441. We do not find those cases to be inconsistent with our holding, because in this case Preston was not prevented from asking members of the venire whether their deliberations would be affected by the seriousness of the possible punishment. Instead, the trial court did not allow him to suggest to the venire that the definition of reasonable doubt varied depending on the seriousness of the case. We overrule point of error number two.

Preston urges in points of error numbers three and four that the trial court erred in overruling his objection to the court's proposed jury instruction because it incorrectly stated the burden of proof applicable to the issue of voluntary manslaughter, and that the trial court erred by denying his requested jury instruction that placed the appropriate burden of proof.

The pertinent portion of the court's charge is as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of January, 1987, in Tarrant County, Texas, the Defendant, Kenneth A. Preston, did then and there intentionally or knowingly cause the death of an individual, Betty Preston, by shooting the said Betty Preston with a firearm, or he did then and there intentionally, with the intent to cause serious bodily injury to Betty Preston, commit an act clearly dangerous to human life, namely, shoot the said Betty Preston with a firearm, which caused the death of Betty Preston, as alleged in the indictment, and that the Defendant in so acting, was not acting under the immediate influence of sudden passion arising from an adequate cause, then you will find the Defendant guilty of murder, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of murder, and proceed to consider whether the Defendant is guilty of voluntary manslaughter.

If you find from the evidence beyond a reasonable doubt that on or about the 11th day of January, 1987, in Tarrant County, Texas the Defendant, Kenneth A. Preston, did then and there intention-

ally or knowingly cause the death of an individual, Betty Preston, by shooting the said Betty Preston with a firearm, or he did then and there intentionally, with the intent to cause serious bodily injury to Betty Preston, commit an act clearly dangerous to human life, namely, shoot the said Betty Preston with a firearm, which caused the death of Betty Preston, as alleged in the indictment, and you further find from all the facts and circumstances in evidence in the case that the Defendant, in killing the deceased, if he did, acted under the immediate influence of a sudden passion arising from an adequate cause, then you will find the Defendant guilty of the offense of voluntary manslaughter.

Unless you find beyond a reasonable doubt that the Defendant is guilty of voluntary manslaughter under the instructions given you, or if you have a reasonable doubt thereof, you will acquit the Defendant of voluntary manslaughter.

If you find from the evidence beyond a reasonable doubt that the Defendant is guilty of either murder or voluntary manslaughter, but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in the Defendant's favor and find him guilty of voluntary manslaughter.

Preston complains that the portion of this charge dealing with the offense of voluntary manslaughter tells the jury to convict him of voluntary manslaughter if the State proves beyond a reasonable doubt that he murdered Betty and that in doing so he acted under the immediate influence of sudden passion arising from an adequate cause. He says that this charge does not make it clear to the jurors that they must find him guilty of voluntary manslaughter instead of murder unless the State disproves, beyond a reasonable doubt, that the shooting was the immediate result of sudden passion arising from an adequate cause.

■ An examination of the charge shows that the State's burden of disproving that the shooting was the immediate result

of sudden passion arising from an adequate cause before Preston might be convicted of murder is properly set forth in the portion of the charge dealing with the offense of murder. We hold that taken as a whole the charge properly places the burden of proof on this issue and is a proper charge. *See Cobarrubio v. State*, 675 S.W.2d 749, 751–52, n. 8 (Tex.Crim.App.1983), *overruled on other grounds, Lawrence v. State*, 700 S.W.2d 208, 211–13 (Tex.Crim. App.1985). We overrule points of error numbers three and four.

The judgment is affirmed.

MEYERS, J., not participating.