CR2-101 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-101-CR





CHARLES CLIFFORD DELANCEY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,946, HONORABLE JOE CARROLL, JUDGE



 





PER CURIAM

 In a jury trial, Charles Clifford Delancey was found guilty of murder. The jury
assessed a sentence of twenty-five years in prison. Appellant brings two points of error,
contending that the trial court erred in denying a requested jury charge and in excising certain
portions of letters admitted into evidence. We will overrule both points of error and affirm the
judgment of conviction.



Jury Charge


 Appellant requested the following instruction as part of the jury charge:



If you should find from the evidence beyond a reasonable doubt that the defendant
is either guilty of murder or of voluntary manslaughter, but you have a reasonable
doubt as to which of said offenses the defendant is guilty, then you should resolve
that doubt in defendant's favor and find him guilty of voluntary manslaughter only.


If you have any reasonable doubt as to whether the defendant is guilty of any
offense defined in this charge then you should acquit the defendant and say by your
verdict not guilty.


The court denied that instruction and overruled appellant's objection to the charge. The court's
charge first instructed the jury with regard to the offense of murder, and told it that if it had a
reasonable doubt about guilt, it should acquit. The jury was then instructed on the offense of
voluntary manslaughter, and told to acquit if it had any reasonable doubt about guilt.

 Appellant contends that the general rule is that if greater and lesser degrees of an
offense are charged, then at the defendant's request, the court's charge must instruct the jury that
if the evidence leaves a reasonable doubt as to the grade or degree of the offense, such a doubt
must be resolved in the favor of the accused and he may be convicted only of the lesser offense,
citing Sparks v. State, 300 S.W. 938, 939 (Tex. Crim. App. 1927), and Richardson v. State, 239
S.W. 218, 224 (Tex. Crim. App. 1922). Appellant concedes, however, that several courts of
appeals have held that, if the court's charge first instructs the jury to consider the higher grade
of the offense and to acquit the defendant if it has a reasonable doubt as to guilt and then to
consider the lesser offense, the refusal to use the "benefit of the doubt" language is harmless. 
Benavides v. State, 763 S.W.2d 587, 589 (Tex. App. 1988, pet. ref'd); Shelby v. State, 724
S.W.2d 138, 140 (Tex. App. 1987), vacated on other grounds, 761 S.W.2d 5 (Tex. Crim. App.
1988) (Rose parole charge error).

 We agree with the courts in Benavides and Shelby. Although the court's charge
does not use the "benefit of the doubt" language that appellant requested, the court's charge
accomplishes the same purpose. It instructs the jury that if it has a reasonable doubt that appellant
is guilty of murder, it is to acquit on that charge. Then the jury moves to a consideration of the
manslaughter charge, and, again, is informed if it has a reasonable doubt about guilt, resolve the
doubt by acquittal. Appellant's theory is that the rationale used in Benavides and Shelby
incorrectly assumes the jury will read and act on the first submission in the court's charge, then
move on to the second, rather than read and consider the charge as a whole and determine which
offense has been proven beyond reasonable doubt. In other words, appellant assumes that the jury
will not follow the instructions given. No authority is cited for that proposition, and we decline
to make that assumption. We overrule appellant's first point of error.



Evidence


 In his second point of error, appellant contends that the trial court erred in
sustaining the State's objection to portions of letters from the victim to appellant and ordering
those portions excised from the letters before they were entered into evidence. The excisions in
question involved racially derogatory language used by the victim.

 The numerous letters (more than a dozen) placed in evidence were written by the
victim during a stay in a drug/alcohol rehabilitation center. Appellant offered them to show the
previous relationship between the victim and appellant and appellant's state of mind. Tex. Penal
Code Ann. § 19.06 (Supp. 1992). Appellant and the victim had lived together with appellant
providing financial support to the victim. In addition to the letters showing the relationship
between them, testimony was admitted that the victim had physically assaulted appellant at one
time.

 Appellant contends he can find no authority for the trial court's action in excising
the racially derogatory references in the otherwise admissible letters on the basis that the
prejudicial effect of the references outweighed the relevance. We think this situation is similar
to that in Preston v. State, 769 S.W.2d 375 (Tex. App. 1989, pet. ref'd) . In Preston, the court
excluded evidence showing the defendant's estranged wife's increased drug use and dealing. The
evidence was offered to show the relationship between them before her murder. The court said
the evidence could be excluded as the prejudice to the State outweighed the relevance of the
evidence. Id. at 379. Further, any error was harmless because other testimony showing the
victim's drug use and the resulting deterioration of their marriage was admitted. Id. In our case,
other evidence showing the relationship was admitted, including evidence of the victim's
physically assaulting appellant. It is difficult to see how the victim's use of racially derogatory
language has any relevance to showing the relationship between the two or showing appellant's
state of mind at the time of the offense. It was not an abuse of discretion to excise the letters.

 Further, appellant's theory about why the excisions were harmful lacks merit. His
theory is that the excised portions of the letter and the fact of the excision itself will be read by
the jury as an incriminating reference to him. In one letter, the portion containing the excision
(in brackets) read, "Oh I heard Stan went to jail the other night, and Cecil Lee & Benton was
supposed to have stabbed [some nigger] up there at the joint." The second read, "Thank you for
the hamburgers today but I got in trouble because [these niggers] here got mad because they didn't
get one." With regard to the first letter, it is the unexcised portion that might be incriminating,
if the jury thought that the named persons, who were clearly the ones who stabbed someone, were
appellant's friends or relatives. With regard to the second letter, the "I got in trouble" refers to
the victim, who was writing the letter, and the they refers back to the excised portion. In context,
the plural reference does not seem to refer to appellant. The most likely conclusion on the part
of the jury, if they drew one at all due to the large volume of letters, was that third parties' names
had been deleted to protect their privacy.

 Further, in considering the application of Harris v. State, 790 S.W.2d 568, 587-88
(Tex. Crim. App. 1989), we cannot see that the error, if any, in any way compromised the
integrity of the process leading to the conviction. Ample evidence concerning the relationship
between appellant and victim, including the assault on appellant, was admitted. We overrule the
second point of error and affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: August 26, 1992

[Do Not Publish]