TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00098-CR







James Desmond Noer, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0926142, HONORABLE JON N. WISSER, JUDGE PRESIDING








 A jury convicted appellant James Desmond Noer of the offense of murder. Tex.
Penal Code Ann. § 19.02 (West 1994). (1) The trial court assessed punishment at imprisonment for
fifty-eight years. Appellant presents three points of error in which he urges that the trial court
erred: (1) in admitting in evidence autopsy photographs, (2) in refusing to admit evidence of the
presence of alcohol and cocaine in the deceased's body and evidence that the deceased used
cocaine and alcohol the night before the murder, and (3) in refusing to instruct the jury on the
lesser included offense of voluntary manslaughter. The judgment will be affirmed.

 Appellant first asserts that the trial court erred in admitting in evidence autopsy
photographs because their probative value was greatly outweighed by their prejudicial effect. See
Tex. R. Crim. Evid. 403. Rule 403, which controls the admissibility of such photographs, favors
the admission of relevant evidence and presumes that relevant evidence will be more probative
than prejudicial. Ethridge v. State, No. 71,189, slip op. at 30-31 (Tex. Crim. App. June 22,
1994); Green v. State, 840 S.W.2d 394, 410 (Tex. Crim. App. 1993). The Court of Criminal
Appeals has consistently held that photographs are generally admissible when verbal testimony
about the same matters is admissible. E.g., Emery v. State, 881 S.W.2d 702, 710 (Tex. Crim.
App. 1994). Several factors affect whether the probative value of photographs is substantially
outweighed by the danger of unfair prejudice under Rule 403. These factors include the number
of exhibits, their size, whether they are black and white or in color, whether they are close up,
whether the body is naked or clothed, whether there are other means of proof, and other
circumstances unique to each case. Id.; Barnes v. State, 876 S.W.2d 316, 326 (Tex. Crim. App.
1994); Hicks v. State, 860 S.W.2d 419, 426 (Tex. Crim. App. 1993); Long. v. State, 823 S.W.2d
259, 272 (Tex. Crim. App. 1991).

 At a hearing outside the presence of the jury, defense counsel acknowledged that
the autopsy photographs which the State proposed to offer had been tendered to him and the State
had agreed not to offer some of the photographs to which he had specific objections. Counsel
specifically objected to State's Exhibit Number 78 because it showed an incision on the deceased's
body--"the damage was done by the medical examiner, not by the incident." Counsel then lodged
a general objection to all of the photographs, State's Exhibits 67 through 83, because they were
cumulative and their prejudicial effect outweighed their probative value. When these exhibits
were offered in evidence, the court refused to admit several, but admitted thirteen photographs. 
The court stated that each of the photographs admitted appeared to be different and none appeared
to be cumulative. The photographs were 8" x 10" and were in color. They showed the deceased
had been shot in the head, neck, upper thighs,and breast a total of thirteen times. Each of the
photographs showed only the part of the body where the shots entered or exited. The photographs
showed only small amounts of blood.

 Dr. Robert Bayardo, Travis County Chief Medical Examiner, testified that the
photographs aided him in his testimony, and he explained each photograph. For example, he
testified that Exhibit 67 showed six gunshot wounds made in "step ladder fashion extending from
the ear to the lower portion of the neck." In Dr. Bayardo's opinion, this demonstrated that the
shots were fired in rapid succession into the body while the deceased was not moving. He
testified that Exhibit 78, to which the special objection had been made, showed an incision he
made "to demonstrate the bullet which was immediately below the skin." The photographs
showing the wounds in the upper thighs of necessity showed a portion of the nude body. These
photographs were not so vulgar or indecent as to draw attention from the wounds that were the
focus of the exhibits. See Barnes, 876 S.W.2d at 326. These photographs were not enhanced in
any way and portrayed no more than the injuries inflicted. See Ethridge, No. 71,189, slip op.at
31; Narvaiz v. State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). The photographs in this case
are less gruesome and show less detail than the photographs described in Ethridge, which the
Court of Criminal Appeals held were properly admitted.

 In this case, no one other than appellant and the deceased were present when she
was shot. Since appellant did not testify, the jury had no eyewitness testimony concerning the
nature of the offense and how it occurred. The photographs admitted were not cumulative, and
they aided the medical examiner in explaining the wounds and the nature of the offense. The
photographs were probative of the nature of the offense and not so gruesome as to be unfairly
prejudicial. Emery, 881 S.W.2d at 710-11. The trial court did not err in admitting these exhibits. 
Appellant's first point of error is overruled.

 In his second point of error, appellant argues that the trial court erred in refusing
to admit evidence of the deceased's use of cocaine and alcohol the night before she was murdered
and evidence of the presence of cocaine and alcohol in her body when the medical examiner
performed the autopsy. The deceased and her friend Stacy were dancers at the Red Rose, "a
gentlemen's club." On the night before she was murdered, appellant asked the deceased to come
to his hotel room after her work at the club to perform a private dance for one hundred and
seventy-five dollars. The deceased asked her friend Stacy to accompany her to appellant's room
where they performed their dance and split the compensation. Before going to appellant's room
that night, both young women had been drinking alcohol and using cocaine. After their dance,
while awaiting cab service, they visited with appellant. They were laughing and giggling, and
Stacy testified that they had laughed at appellant but that she did not think he knew they were
laughing at him. The next night the deceased consumed too much alcohol at work and became
sick. She told her boss that appellant, who had previously been employed at the club, would take
her home. Early the next morning, the deceased was shot and killed in appellant's hotel room. 
The medical examiner, outside the presence of the jury, testified that he found that the deceased's
blood alcohol content was .16 percent, her urine alcohol content was .23 percent, and she tested
positive for the presence of cocaine in her body.

 When Stacy testified outside the presence of the jury, appellant argued that her
testimony should be admitted to show "[a]ll relevant facts and circumstances surrounding the
killing and the previous relationship existing between the accused and the deceased." See Tex.
Penal Code Ann. § 19.06. That provision in effect at the time of the offense and at the time of
trial, has now been "deleted." Act of 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen.
Laws 3586, 3614 (eff. Sept. 1, 1994). The Court of Criminal Appeals has held that section 19.06
did not extend the relevancy requirement of the general rules of evidence. Werner v. State, 711
S.W.2d 639, 643 (Tex. Crim. App. 1986); Preston v. State, 769 S.W.2d 375, 379 (Tex.
App.--Fort Worth 1989, pet. ref'd). However, since appellant does not make this same argument
on appeal, it is apparently abandoned. The trial court ruled this testimony concerning the use of
cocaine and alcohol was inadmissible under the provisions of either section 19.06 or Texas Rules
of Criminal Evidence 402 and 403. After Dr. Bayardo testified outside the presence of the jury,
the court ruled that evidence of the presence of cocaine and alcohol in the deceased's body would
not be admitted. The court ruled this evidence was not relevant under rule 402, but if it had any
marginal relevance, its probative value was outweighed by its prejudicial effect under Rule 403.

 The primary thrust of appellant's argument on appeal is that the court's refusal to
admit this evidence deprived him of a jury instruction on the lesser included offense of voluntary
manslaughter. Although appellant asked for such an instruction, he did not urge the instruction
was a reason for the admission of the testimony at the time the court ruled on its admissibility. 
The only case law appellant cites in this point of error is Gonzales v. State, 838 S.W.2d 848 (Tex.
App.--Houston [1st Dist.] 1992, pet. dism'd), which he cites for the proposition that "Texas law
allows homicide defendants to show a deceased's prior acts of aggression in order to help the jury
to decide who was the aggressor." The facts in Gonzales are far different than those in this case. 
In that case, defendant, an off-duty police officer, testified that he was excited, scared, hurt, and
stunned, and other witnesses also testified to the defendant's high state of emotion. The evidence
which the court of appeals held was erroneously excluded in that case was that the victim had
previously assaulted a police officer, had shot at her husband on two occasions, and that she had
a bad reputation for being a peaceful, law-abiding person.

 That the deceased used cocaine and alcohol would certainly not by itself raise an
issue that she was a first aggressor. The trial court did not err in ruling that any probative value
of the proffered evidence was outweighed by its prejudicial effect on the State's case. See Preston
v. State, 769 S.W.2d 375 (Tex. App.--Fort Worth 1989, pet. ref'd); see also Marras v. State, 741
S.W.2d 395, 404-05 (Tex. Crim. App. 1987). Moreover, even if the trial court had admitted the
proffered testimony, we conclude that it would not have raised an issue requiring a jury
instruction on voluntary manslaughter. Appellant's second point of error is overruled.

 Appellant, in his third point of error, complains that the trial court erred in refusing
his timely request to instruct the jury on the lesser included offense of voluntary manslaughter. 
A jury instruction on a lesser included offense should be submitted to the jury when the lesser
included offense is included within the proof necessary to establish the offense charged and when
there is evidence in the record from which a rational jury could find that the defendant, if guilty,
is guilty only of the lesser included offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim.
App. 1993); Adanandus v. State, 866 S.W.2d 210 (Tex. Crim. App. 1993); Burnett v. State, 865
S.W.2d 223, 227 (Tex. App.--Austin 1993, pet. ref'd). Voluntary manslaughter is not a lesser
included offense to murder unless there is some evidence that an accused acted under the
immediate influence of sudden passion arising from an adequate cause. Bradley v. State, 688
S.W.2d 847, 851 (Tex. Crim. App. 1985); State v. Lee, 818 S.W.2d 778, 781-82 (Tex. Crim.
App. 1991); Ramirez v. State, 873 S.W.2d 757, 759 (Tex. App.--El Paso 1994, pet. ref'd).

 Appellant argues that he was provoked to commit the offense because the young
women had laughed at him and made fun of him the night before the murder. He also argues that
"there was more than enough evidence to require an instruction on voluntary manslaughter, as
evidenced by the State's closing argument, that `between the minutes when [deceased made] that
call asking for a cab and when John Bordner runs into the defendant outside his room . . .
something happened, something snapped.'" The prosecutor's closing argument or any inferences
which may be drawn from it does not show there was evidence requiring the requested lesser
included offense instruction.

 A charge on voluntary manslaughter should only be given when there is evidence
that the defendant acted under the immediate influence of sudden passion arising from an adequate
cause. Marras, 741 S.W.2d at 405. The sudden passion must be directly caused by and arise out
of provocation by the deceased at the time of the offense. Passion solely the result of former
provocation is insufficient. Id.; Hobson v. State, 694 S.W.2d 473,478 (Tex. Crim. App.1983). 
In this case, we find no evidence from any source that appellant acted under the influence of
sudden passion. The trial court did not err in refusing to submit the requested jury instruction.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Aboussie and Dally*

Affirmed

Filed: May 3, 1995

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense took place before September 1, 1994 and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994 have
no substantive effect on this offense, the current code is cited for convenience.